Hale *v.* Wiggins.

<hr>

SUSAN HALE *vs.* JOEL WIGGINS AND OTHERS.

On the trial of a complaint for a forcible entry and detainer, the defendants offered evidence to prove that a former owner of the land in question, under whom they claimed title, had been in undisputed possession thereof at one time during his ownership, and within eight years before the commission of the acts complained of. Held, that such evidence was admissible.

The presumption from such facts, if no testimony was adduced to the contrary, would be that this possession continued until it was regularly transferred to some one else by the party so possessed.

COMPLAINT exhibited to a county commissioner and a justice of the peace for a forcible entry and detainer, tried to the court upon the general issue severally pleaded.

On the trial the defendants offered evidence to prove that during the year 1855 one William W. Hale was the tenant and in possession of the land as to which the forcible entry and detainer was alleged, and that on December 18th, 1855, the then owner conveyed the same to him in fee; that he thenceforward continued to be the owner thereof until May 23d, 1863, when he conveyed it to Mary Wiggins, then and still the wife of one of the defendants; that while Hale was the tenant of the land the plaintiff came upon it, whereupon he ordered her to go off from the same; that she refused to do so, and he thereupon removed her therefrom, and forbade her ever entering thereon again; and that he had no knowledge that she ever entered thereon afterwards, until about six

weeks before the death of his father, Hiram Hale, which happened in May, 1863. The acts complained of were committed July 2d, 1863.

To the admission of this evidence the plaintiff objected on the ground that it was irrelevant, and the court sustained the objection and rejected it.

The plaintiff offered evidence to prove that she was the widow of said Hiram Hale, the father of William W. Hale; that said Hiram had occupied the premises for a number of years, and built a small house thereon; that during this period William on one occasion went to the house, and did not then make any objection to his father's occupying the premises; that she came to reside there with her husband, and did reside with him there about one year before his death; and that, after his death, she continued to reside there until the acts complained of were done.

The defendants also offered evidence to prove that William never gave his father permission to occupy the land, or to erect or occupy a house thereon, and that both were done without his consent.

The court found two of the defendants guilty, and the rest not guilty, and rendered judgment of restitution, and for costs accordingly. The defendants thus found guilty brought a writ of error to the superior court, upon a bill of exceptions in which the evidence was detailed as given above, assigning for error the rejection of the evidence offered by the defendants.

The case was tried in the superior court, (*Phelps, J.,*) on the plea of nothing erroneous, and the judgment of the court below reversed. The plaintiff then brought the case before this court by a motion in error.

*Treat,* with whom was *Blake,* for the plaintiff in error.

*Sturges,* for the defendants in error.

HINMAN, C. J. The only question which is now made upon this writ of error is, whether the court was correct in

excluding certain evidence offered by the defendants on the original trial, for the purpose of proving that the complainant was not in possession of the premises at the time she claimed to have been forcibly ejected therefrom, but on the contrary that Joel Wiggins one of the defendants was in possession.

The evidence which was offered to prove this was certainly not very conclusive in its nature, and was very liable to be deprived of any force whatever by evidence of possession acquired by the complainant subsequent to the time to which it referred. Still, we think it was admissible, and should therefore have been received by the court.

It conduced to show that the title to the premises was in the wife of Joel Wiggins, one of the defendants, and was derived from Wm. W. Hale, who, while a tenant in actual possession, became the absolute owner in fee, and that while he was so a tenant in actual possession he protected his possession by excluding the complainant from coming upon the premises, after having first actually removed her therefrom.

It is true that this was as a time so remote from the particular acts of forcible entry and detainer complained of that the plaintiff might undoubtedly have subsequently obtained peaceable possession and so be entitled to retain it against the acts of force complained of. But on the question of the admissibility of the evidence the court could not prejudge the case and exclude the evidence because it was inconsistent with evidence previously introduced by the complainant, or which it was expected the complainant would or could introduce. The weight of the evidence offered in the light of the complainant's evidence, was not therefore the question in passing upon its admissibility. It was to be judged of rather by the effect to be given to it as standing alone, or with evidence tending to show that the possession which Wm. W. Hale once had was continued until it was transmitted to the defendant Wiggins, whose possession was retained until after the acts complained of were committed. And on the question of the admissibility of the evidence this court is bound on a writ of error to regard it in the light in which the commissioner's court should have regarded it.

The argument of the complainant's counsel, therefore, that from the whole evidence stated in the bill of exceptions it appears that the facts were correctly found by the court of the commissioner and the justice, and consequently there is no error in the whole record taken together, can not be sustained. We can not know that the evidence stated in the bill of exceptions was all the evidence in the case. The presumption is rather the other way. It is not the object or purpose of a bill of exceptions to bring up the whole case for revision, but only some particular ruling or decision of the court that is at the time specially excepted to. Besides, the evidence which we are asked to consider in connection with the excluded evidence, was evidence introduced by the complainant, which may have been overcome by other evidence of the defendants not stated in the bill of exceptions.

For what purpose the complainant's evidence or some portion of it was stated at all in the bill of exceptions does not appear. It was not excepted to by the defendants, and it does not appear to have been stated in explanation of any question raised by the excluded evidence, and it is wholly immaterial to any question which the defendants raise upon their writ of error.

The excluded evidence showed clearly that a party under whom the defendants claimed, and whose possession they claimed to have been transmitted to one of them, was at a former period in undisputed possession of the premises. If there was nothing else in the case the presumption would be that that possession continued until it was regularly transferred to some other by the party so possessed. The defendants were entitled to the benefit of this presumption, and were deprived of it by the ruling of the court excluding the evidence. And this we do not doubt was an erroneous ruling.

We therefore are of opinion that the superior court was correct in reversing the judgment of the commissioner's court.

In this opinion the other judges concurred.