DRUSILLA L. BANKS AND ANOTHER vs. CHARLES PORTER.

In summary process for the recovery of leased premises, where the judgment of the justice's court is reversed by the Superior Court, the case cannot be placed upon the docket of the latter court and re-tried there. The Superior Court has no jurisdiction of the subject-matter.

The statute (Gen. Statutes, tit. 1, sec. 217,) was not intended to give such jurisdiction.

A motion to erase from the docket for want of jurisdiction can be made at any stage of the proceedings.

SUMMARY PROCESS to recover possession of leased premises; brought originally before a justice of the peace, by whom judgment was rendered for the plaintiffs, which judgment on a writ of error was reversed by the Superior Court and the case by order of the court entered on the docket of that court for re-trial. It was thus entered at the October term, 1868, and came by continuances to the December term, 1871, when the defendant moved that the cause be stricken from the docket on the ground that the Superior Court had no jurisdiction of the case, and the court (*Sanford, J.,*) ordered it erased from the docket. The plaintiffs thereupon brought the record before this court by a motion in error.

*Sanford*, for the plaintiffs.

1. The motion to erase came too late. *Woodruff* v. *Bacon*, 34 Conn., 181.

2. The Superior Court had jurisdiction. The rule is universal at common law that if the higher court can try the issue left after reversal, whether of fact or law, it will proceed to do so. Otherwise it will remand the cause. A remand to a justice's court would be a novelty. Such is the practice in forcible entry and detainer, and in all analogous instances in Connecticut. *Stuart* v. *Pierce*, 1 Root, 75; *Dutton* v. *Tracy*, 4 Conn., 79, 91; *Hale* v. *Wiggins*, 33 id., 101. The proceedings in the last case are a precedent precisely in point. It was a case of forcible entry and detainer, in which the judgment of the commissioners' court was reversed in the Superior

Court, the Supreme Court affirming this judgment, and the case was placed by order of the Superior Court on the docket of that court for re-trial. It was tried and a motion for a new trial made, which the Supreme Court denied. The latter decision was not reported. Besides, our statute is express and ample to embrace this and all cases. Gen. Statutes, p. 46, sec. 217 ; *DuBouchet* v. *Wharton*, 12 Conn., 533 The statute authorizing proceedings on reversal, places the cause on the same ground as though it came there by appeal. *Loomis* v. *Taylor*, 4 Day, 144.

*Averill* and *Tweedy* for the defendant.

BUTLER, C. J. Neither the order of the Superior Court, supplemental to the judgment on the writ of error, directing the case to be entered for trial in the Superior Court, nor any lapse of time thereafter, could affect the right of the defendant to file his motion to erase. It has been many times holden, and the rule is well settled in this state, that our courts may erase a case from the docket at any time or in any stage of the proceedings, when they discover that they have no jurisdiction of the subject-matter.

The Superior Court had no jurisdiction of the subject-matter of this case. The original proceedings were statutory and special. No re-trial of the issues by any other court was contemplated. The proceeding was not only intended to be summary but conclusive. The law allows a writ of error to revise such proceedings where they are erroneous in law ; but it has not provided or intended to provide for any re-trial of the issues of fact in another court. On the contrary, the special and controlling statute in terms forbids it, by forbidding an appeal. We think it very clear therefore, from the nature and object of the proceeding, and the prohibition against an appeal, that such cases are exceptional and not within the purview of the statute which authorizes the entry of actions in the Superior Court when reversed on a writ of error.

The case of *Hale* v. *Wiggins*, 33 Conn., 101, has been alluded to in the argument, but the question of jurisdiction was not raised at any time in the case. It came before us

the first time legitimately, by motion in error from the decision of the Superior Court on a writ of error from the commissioners' court. It came the second time illegitimately, after an unauthorized entry of the case and a trial of the issues in the Superior Court. We then considered in consultation the question of jurisdiction, but as the parties had not made or argued it, and our decision of the questions raised would make a final disposition of the case, we concluded to decide them. But to prevent the case from becoming by implication an apparent precedent, and misleading the profession, we did not permit a report of it.

The case was properly dismissed and there is no error in the record.

In this opinion the other judges concurred.