## A. A. TIMKE

*v.*

## MARY L. ALLEN.

*Opinion filed February 21, 1907.*

1. APPEALS AND ERRORS—*party obtaining affirmative decree must preserve the evidence.* To sustain, on appeal, a decree granting affirmative relief, the party in whose favor the decree was rendered must preserve the evidence on which the decree is based, in some proper form.

2. SAME—*recital of legal conclusions will not sustain the decree.* Findings in a decree canceling a tax deed as a cloud, to the effect that the affidavit for the deed was "not sufficient" and "not in compliance with the statute," are conclusions of law and not findings of fact, and will not sustain the decree in the absence of any other attempt to preserve the evidence.

APPEAL from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

JULIUS J. TIMKE, (JOHN R. O'CONNOR, of counsel,) for appellant.

E. J. WHITEHEAD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

A decree in chancery was entered in the superior court of Cook county June 29, 1906, in favor of appellee, granting the prayer of her bill to clear her title to certain pieces of land in said county from the cloud of two tax deeds issued to appellant. The case is now brought here for review.

As near as can be gathered from the record the two tax deeds were set aside for the reason that the affidavit upon which they were issued did not fulfill the statutory requirements. Except from the averments of the bill it does not appear in what respects the affidavit was defective. The only findings of the decree in this regard are as follows: "That A. A. Timke  *  *  *  filed in the office of the county clerk

* * * a certain affidavit with the said certificate of sale and other exhibits thereto attached; * * * that the said affidavit is the only affidavit filed with the said county clerk on which said tax deeds were issued, as aforesaid; that the said affidavit is not sufficient to authorize the said county clerk to issue said deeds and is not in compliance with the statute in such case made and provided." These are but legal conclusions from the testimony presumably presented at the hearing and will not take the place of findings of fact. (*Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301.) The record does not show the evidence offered before the chancellor and the specific facts upon which the conclusions were based do not appear, either in a certificate of the evidence or as findings in the decree. Had the decree pointed out the specific defect in the affidavit or had a copy of the affidavit been embodied in a certificate of the evidence then it might have been seen whether the ruling of the court was correct on that question. *Marvin* v. *Collins,* 98 Ill. 510.

In chancery cases the practice is well settled in this State that it is incumbent upon the party seeking to sustain a decree in his favor to preserve the evidence upon which it is based, in the record, in some proper form, or the decree must find the specific facts that were proven on the hearing. It is not the duty of the party against whom the decree is rendered thus to preserve the evidence. "No presumption will be entertained that evidence sufficient to sustain the decree, not appearing in the record, was heard, and if the evidence is not thus properly preserved the decree will be reversed upon appeal." *Berg* v. *Berg,* 223 Ill. 209; *Jackson* v. *Sackett,* 146 id. 646.

The decree of the court below is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*