MARGARET J. LISTER, Appellee, vs. JACOB GLOS, Appellant.

*Opinion filed October 26, 1908.*

1. CLOUD ON TITLE—*averment that complainant was in possession must be proved.* An averment in a bill to remove a cloud that complainant was in possession of the premises at the time of the filing of the bill must be proved, and such fact must appear from the certificate of evidence or from the recitals of the decree granting the relief prayed for, otherwise the decree must be reversed.

2. SAME—*when decree does not show possession at time the bill was filed.* A recital in a decree canceling a tax deed as a cloud, that the complainant, prior to and on a certain date, "was the owner of and was possessed" of the premises and "was the owner of said premises at the time of filing her said bill," does not show that complainant was in possession of the premises at the time of the filing of the bill, which was subsequent to the date recited in the decree.

APPEAL from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

CHARLES S. McNETT, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellee, on June 26, 1907, filed her bill in the superior court of Cook county to quiet her title to a parcel of real estate in that county. Jacob Glos and Emma J., his wife, were made defendants. By that bill it was sought to have a tax deed made to Jacob Glos canceled and set aside as a cloud upon the title of appellee. Glos and wife answered separately, replications were filed, proof was taken in open court, a decree was entered in accordance with the prayer of the bill, and Jacob Glos appeals.

No certificate of evidence was taken. The bill averred, and the answers denied, that appellee was, at the time of the filing of the bill, in possession of the real estate in question. The decree did not, in its recital of facts, find that

she was so in possession at the time of the filing of the bill, and it is contended on the part of appellant that the facts found, for this reason, do not afford the necessary basis for the relief granted.

A bill to quiet title can be maintained only where the complainant is in possession or where the premises are unimproved or unoccupied. The averment that appellee was in possession at the time of the filing of the bill was material and jurisdictional in its character, and it was necessary that it should be proved. *Glos* v. *Kemp,* 192 Ill. 72; *Glos* v. *Miller,* 213 id. 22.

It is incumbent upon the party who desires to sustain a decree to preserve the evidence upon which it is based, by certificate of evidence, if the proof is taken in open court, or the decree must find and embody the specific facts that were proven. (*Timke* v. *Allen,* 225 Ill. 402.) The finding of this decree in reference to possession is in these words: "That the complainant, prior to and on the 22d day of November, A. D. 1895, was the owner of and was possessed of that certain parcel of real estate, [here follows description,] and that said complainant was the owner of said premises at the time of filing her said bill of complaint." Appellee contends that as the decree finds that she had possession in 1895 and was then the owner, and further finds that she was the owner at the time of filing her bill, a presumption exists that her possession continued from 1895 down to the time of the filing of the bill. If such a presumption arises it is one that is not conclusive, and it may have been rebutted by other proof heard on the trial. (*Hale* v. *Wiggins,* 33 Conn. 101.) Looking at the decree in the light most favorable to appellee, if the presumption be as she contends, the decree only preserved a fact which affords evidence of a further alleged fact which it was necessary for her to establish. The decree, in cases such as this, must find the specific facts, and not merely recite the evidence of those facts. If the court found that appellee

was in possession at the time of the filing of the bill that fact should have been stated in the decree, and the absence of such a statement is here fatal.

The decree of the superior court will be reversed and the cause will be remanded for further proceedings not inconsistent with the views above expressed.

*Reversed and remanded.*