BARBARA KOCH, Appellee, *vs.* D. ARNOLD *et al.* Appellants.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. APPEALS AND ERRORS—*decree must recite facts sustaining it if evidence is not saved.* In order to sustain a decree granting affirmative relief the record must show facts warranting the decree, and if there is no certificate of evidence the decree must recite facts sufficient to sustain it.

2. SAME—*final conclusion drawn from all the circumstances is a fact.* The final conclusion reached by the court as an inference of fact drawn from all the circumstances is a fact within the meaning of the rule requiring the facts sustaining a decree to appear of record.

3. SAME—*decree need not recite evidentiary facts.* A general finding of an ultimate fact in a decree is sufficient, and it is not necessary to recite subsidiary or evidentiary facts nor to find minutely all the circumstances tending to sustain the general finding.

4. CLOUD ON TITLE—*finding that complainant was the "owner" of the premises is sufficient.* A finding in a decree canceling a tax deed as a cloud, that the complainant was at the time of the commencement of the suit, since then has remained and now is "the owner" of the premises, is a sufficient recital of the fact of ownership and is not a mere conclusion of law.

5. SAME—*what finding as to sufficiency of application and affidavit for tax deed is sufficient.* A finding in a decree canceling a tax deed that the application and affidavit for the tax deed failed to show whether the premises were improved and occupied and in the possession of some person, is, in substance, a finding that the affidavit did not state whether the premises were occupied or were vacant, and is a sufficient finding that the affidavit failed to show compliance with the statute requiring notice to be given to the occupants of the land.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

CHARLES F. VOGEL, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a decree of the superior court of Cook county setting aside a tax deed and raises only the question of the sufficiency of the recitals of the decree to sustain it, the record containing no certificate of the evidence.

The bill alleged that the complainant was the owner and in possession of the premises. The answer denied this allegation, and the decree finds that the complainant was at the time of the commencement of the suit, since then has remained, and now is, the owner of the premises and at the commencement of the suit was in the actual and exclusive possession thereof. It is insisted that the finding that the complainant is the owner of the premises is not sufficient because it is merely a conclusion of law and not the finding of a specific fact. It is necessary to the validity

of a decree granting relief that the record shall show the facts warranting the decree. It is not, however, necessary that all the evidence by which the facts were proved should be set forth in the record. If it appears that the court, from the evidence before it, found the ultimate facts justifying the relief granted, it is sufficient. The decree need not recite subsidiary or evidentiary facts tending merely to sustain the ultimate conclusion of fact upon which the decree is founded. A general finding of the fact is enough, and it is not necessary to find minutely all the circumstances tending to sustain the general finding, for these circumstances are matters of evidence only. Almost any statement of fact may be shown by a refined analysis to depend upon an inference to be drawn from other facts and to require the application of legal rules in making the deduction. Besides ownership may be cited marriage, residence, possession, partnership, assessment, delivery, and many other acts, relations or conditions, as examples of a complex fact, the finding of which may require the consideration of few or many subordinate facts and the application of legal principles to their consideration, but the final conclusion reached as an inference of fact drawn from all the circumstances is a fact within the meaning of the rule requiring the facts sustaining a decree to appear of record. Decisions of courts holding that it is not competent for a witness to testify to the fact of ownership, indebtedness or other ultimate fact are not in point, for that ultimate fact is the conclusion of fact to be drawn by the jury or court trying the issue, and witnesses may testify only to the facts within their personal knowledge, and are no more permitted to state their inference of facts than to testify to their conclusions of law.

The decree found "that the application and affidavits on which said tax deed was issued wholly fails and neglects to show whether the said premises were improved and occupied and in possession of some person during the two

months next preceding the last three months prior to the expiration of the time of redemption from the sale in the said certificate of tax sale, and if the said premises were occupied during that time the said occupants should have been personally served with a notice of said tax sale." It is insisted that this finding is insufficient, because the application may, nevertheless, have shown that the premises were, during the period mentioned, vacant and unoccupied. The statute provides that no person shall be entitled to a deed for lands sold for taxes unless he shall have served notice of the sale at least three months before the expiration of the time of redemption upon every person in the actual possession or occupancy of such land and shall also have filed an affidavit showing a compliance with this requirement. The finding that the affidavit failed to show whether the said premises were improved and occupied and in possession of some person is a finding that it failed to show a compliance with the requirements of the statute. It could not show a notice served on every person in the possession or occupancy of the land without showing whether the premises were occupied and in possession of some one, nor could it have shown that the premises were vacant and unoccupied without showing whether they were occupied and in possession of some one. This finding is awkwardly expressed, but it is, in substance, a sufficient finding that the affidavit did not state either that said premises were occupied or were vacant and unoccupied. It was therefore insufficient to authorize the execution of the tax deed.

Objection is made to the sufficiency of other findings, but they become immaterial in view of what has been said in regard to the two which have been considered.

The decree of the superior court is affirmed.

*Decree affirmed.*