PETER RUPPE, JR., Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. CLOUD ON TITLE—*when decree must contain recital of sufficient facts to sustain it.* In the absence of a certificate of evidence a decree canceling a tax deed as a cloud on title cannot be sustained unless there is a recital in the decree of sufficient facts.

2. SAME—*decree must recite sufficient facts to justify the conclusions drawn.* While it is not necessary for a decree to recite all the evidentiary facts necessary to establish the ultimate fact found, yet if there is no certificate of evidence the decree must recite sufficient facts to justify the ultimate conclusion drawn.

3. SAME—*what must appear where title depends upon proof of record title in grantor.* If it appears from the recitals of a decree canceling a tax deed as a cloud that the complainant's grantor was not in possession of the premises when the deed was made, it is necessary, in the absence of a certificate of evidence, that the decree contain some recital showing that the court heard evidence as to the record title and found it to be in the grantor.

4. SAME—*what does not show title by limitation.* Recitals of a decree canceling a tax deed, showing that the complainant, for nine successive years after receiving his deed, paid the taxes on the property do not show title in him under the seven year Statute of Limitations, where it also appears from the decree that the premises were vacant during such time and that the complainant has never had possession thereof.

5. Tax deeds—*complainant must prove allegations of owner-ship if they are denied.* Where the complainant's allegations of ownership in a bill to cancel a tax deed are denied by the defend-ants, complainant must prove such allegations by showing record title in his grantor or by proving that his grantor was in posses-sion when the deed was made, which would be *prima facie* evi-dence of ownership in such grantor.

Carter and Dunn, JJ., dissenting.

Appeal from the Superior Court of Cook county; the Hon. Farlin Q. Ball, Judge, presiding.

John R. O'Connor, for appellants.

Vincent D. Wyman, and George H. Mason, for ap-pellee.

Mr. Chief Justice Farmer delivered the opinion of the court:

Appellee, Peter Ruppe, Jr., filed his bill in the superior court of Cook county against appellants and others to set aside a tax deed on five lots in the subdivision of block 28 in Dunlop's addition to Oak Park, in Cook county, Illinois. The bill alleged that the complainant was the owner in fee simple of said lots; that he acquired title thereto by deed from Annie Lehmann and others, dated May 6, 1892; that the premises were vacant at the time the deed was made and have ever since then remained vacant, unim-proved and unoccupied; that for more than nine successive years following the execution of the deed the complainant paid all taxes and assessments made against the property, under claim and color of title made in good faith "and ac-quired as aforesaid." The bill further alleged that in 1904 the premises were sold to D. Arnold for non-payment of general taxes and a certificate of sale issued to him; that appellant Jacob Glos in 1907 procured to be issued to him a tax deed purporting to be based on the sale in 1904.

The bill alleged the tax deed so issued was invalid; that Glos received nothing by it, and sets out numerous alleged irregularities in procuring the deed; also, that complainant had tendered to Arnold and to Glos a larger sum of money than they, or either of them, were entitled to on account of the tax sale and subsequent taxes paid on the premises but the tender was refused. The bill further averred that complainant was ready and offered to pay to appellant Jacob Glos the sum of $45, previously tendered him in payment of his claim by virtue of the tax sale and deed and subsequent taxes paid on the premises, and prayed that the tax deed be set aside and declared null and void. Appellants answered the bill, denying that complainant was the owner of or in possession of, or had any interest in, the premises. Replication was filed to the answer and the cause heard in open court. A decree was rendered in accordance with the allegations and prayer of the bill, setting aside the tax deed. Four of the defendants to the bill, Jacob Glos, Emma J. Glos, Clara L. Glos and August A. Timke, trustee, have appealed from that decree to this court.

There is no certificate of evidence in the record, and whether the decree should be affirmed or reversed depends upon whether the recital of facts contained in it is sufficient to sustain it. Appellants contend that if appellee's title is dependent upon the conveyance to him of Annie Lehmann and others on May 6, 1892, vesting in him the absolute title to the premises, the decree does not contain a recital of facts sufficient to sustain it, first, for the reason it does not appear the grantors were in possession when the conveyance was made; and second, that if the title of appellee was based upon the deed as color of title made in good faith, followed by payment of taxes for seven successive years, during which time the premises were vacant and unoccupied, the decree is insufficient, for the reason that it does not appear appellee ever took possession of the property after acquiring his deed.

Appellee's ownership of the premises was denied by the answer of appellants, and it was necessary for appellee to prove his title. As there is no certificate of evidence in the record, according to the rule in chancery we must look to the recital of facts in the decree to determine whether the proof was sufficient to sustain it. That part of the decree which is attacked on this appeal recites that after hearing the evidence and argument of counsel the court finds "that all the material allegations in said amended bill of complaint, as amended, are true; that the equities of this cause are with the complainant and that he is entitled to a decree as by said bill prayed; that the complainant, Peter Ruppe, Jr., was at the time of the filing of the bill herein, and still is, the fee simple owner of the premises in said bill of complaint described, located in Cook county, Illinois; [here follows description of premises;] that the complainant acquired title to said premises by deed dated May 6, 1892, from Annie Lehmann and others to complainant; that at the date of said deed said premises were, and ever since have been, unimproved, unoccupied and vacant. The court further finds that complainant, for more than nine successive years next following said May 6, 1892, paid all taxes and assessments levied or assessed against said premises, under claim and color of title made in good faith and acquired as aforesaid."

It is contended by appellee that the finding in the decree that he was the owner in fee of the premises is a sufficient finding of fact to sustain the decree, and that that portion of the decree finding he had paid taxes for more than nine successive years under claim and color of title made in good faith is surplusage. It is essential to appellee's right to the relief prayed that he prove the averments of his bill that he was the owner of the property. If, in making this proof, he had stopped with proof, only, that Annie Lehmann and others had on a certain day executed to him a deed it would have been insufficient. He would

243—27

have been required to prove title in his grantors or that they were in possession when the conveyance was made, which would have been *prima facie* evidence of ownership in the grantors. *Hewes* v. *Glos,* 170 Ill. 436; *Glos* v. *Miller,* 213 id. 22; *Glos* v. *Huey,* 181 id. 149.

The bill alleged the property was vacant and unoccupied when the premises were conveyed to appellee by Annie Lehmann and others, and that they had so continued unimproved and unoccupied since that time. These allegations are supported by the findings in the decree. It appearing, therefore, that the grantors of appellee were not in possession of the premises when they made the conveyance to him, unless there was other proof of their title the facts recited were insufficient to warrant the decree finding appellee to be the owner of the premises. If there was any such proof offered it is not recited or referred to in the decree.

While it is not necessary for a decree in chancery to recite all the evidentiary or probative facts necessary to the establishment of the ultimate fact to be found where there is no certificate of evidence, it is necessary that sufficient facts be recited to justify the conclusion drawn from the evidentiary facts as to the material or ultimate fact. (*Timke* v. *Allen,* 225 Ill. 402; *Baird* v. *Powers,* 131 id. 66.) It would not have been necessary to a finding in the decree that appellee's grantors had title by regular chain from the government, to have found and recited all the conveyances and proof offered in evidence to prove that title, but if appellee's title depended upon proof of record title in his grantors it was necessary that the decree contain some recital showing that the court heard proof upon the subject and of its conclusion drawn from that proof. This decree contains no finding that the appellee's grantors had any title of record or that they were in possession. The fact that they executed a deed is not evidence of their ownership of the property. Furthermore,

it does not appear to us, from the recitals in the decree, that it was based upon the theory that appellee's grantors had a valid title to the premises when they made the conveyance to him. We have seen the bill alleges that the premises were then, and have ever since remained, vacant, unimproved and unoccupied, and that for more than nine years next following the conveyance to appellee he paid all taxes and assessments levied or assessed against said premises, "under claim and color of title made in good faith and acquired as aforesaid." These identical words are recited in the portion of the decree we have above quoted, finding appellee was the owner of the premises. This finding does not stop with a recital, simply, that appellee is the owner of the premises described in the bill, but recites that he acquired a conveyance from Annie Lehmann and others; that the premises were then, and ever since have been, vacant, and that for more than nine successive years following the making of the conveyance appellee had paid all taxes assessed, "under claim and color of title made in good faith and acquired as aforesaid." If the conveyance to appellee was relied on merely as color of title made in good faith, which would become good under the Statute of Limitations by the payment of taxes for seven successive years, the property being vacant and unoccupied, then the decree is erroneous, for it appears that the appellee had never been in possession of the property after the expiration of the seven years, or, in fact, at any other time. *Gage* v. *Smith,* 142 Ill. 191; *McCauley* v. *Mahon,* 174 id. 384; *Travers* v. *McElvain,* 181 id. 382; *White* v. *Harris,* 206 id. 584.

The decree of the superior court is therefore reversed and the cause remanded.          *Reversed and remanded.*

CARTER and DUNN, JJ., dissenting.