FRED BOGDA, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed April 21, 1910.*

1. CLOUD ON TITLE—*finding that complainant "is the owner" is a finding of fact.* A finding in a decree canceling a tax deed as a cloud on title, that the complainant "is the owner of the premises," is a finding of fact and not a mere legal conclusion.

2. SAME—*what findings in a decree are sufficient to sustain it.* A decree removing a tax deed as a cloud on title is sufficiently sustained by a recital that the complainant "is the owner of the premises," and that he was in actual possession of the premises and an actual occupant thereof and resided thereon with his family at the date of the tax sale and during the whole period of redemption, and that he was still in possession at the date of the filing of the bill and was in possession when the decree was entered.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

ENOCH J. PRICE, and ALBERT R. PUDEWA, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On November 23, 1908, the appellee, Fred Bogda, filed a bill in the superior court of Cook county against the appellant, Jacob Glos, to set aside a tax deed to a lot in the city of Chicago as being a cloud upon appellee's title to the lot. The bill alleged that appellee was the owner of the premises and in actual possession of the same; that appellant held a tax deed to the premises, executed by the county clerk of Cook county under a sale for the non-payment of a special assessment levied by the city of Chicago; that the said tax deed is void and invalid for the reason that the notice required to be given to persons in possession of property sold at tax sale as a condition precedent to the right to receive a tax deed under such sale was not given to appellee, although he was in actual possession and oc-

cupation of said premises during the whole of the time from the date of said sale until the issuing of the deed; that said tax deed is a cloud upon the appellee's title, and prayed that same be set aside and removed from the record. Appellant answered, denying that appellee was the owner or in possession of, or had any interest in, the premises. Hearing was had before the court and a decree entered finding the tax deed of appellant to be null and void and setting the same aside.

Appellant makes a number of assignments of error, but only one point is relied on here for reversal. No certificate of evidence was preserved, and it is urged that the findings of fact in the decree are not sufficient to support it.

The court found that appellee "is the owner of" the premises, and appellant insists that this finding is but a mere legal conclusion and not a finding of fact. Relying upon the familiar rule that where no certificate of evidence has been preserved the decree must find the specific facts proven, and that it is not sufficient that it recite as findings mere legal conclusions, he asks that the decree be reversed. This finding is one of fact, and is not, as appellant contends, a mere legal conclusion. · (*Koch* v. *Arnold,* 242 Ill. 208.) The decree finds further that appellee was in the possession of and an actual occupant of the premises and resided thereon with his family at the date of the tax sale and during the whole period allowed by the statute for redemption from such sale, and that he was still in possession at the date of the filing of his bill and was in possession at the time the decree was entered. These findings are sufficient, and the decree of the superior court is affirmed.

*Decree affirmed.*