**Louis E. Randall, Defendant in Error, v. Hannah Randall, Plaintiff in Error.**

**Gen. No. 17,559.**

1. DIVORCE—*what finding sufficient to sustain.* A finding in a divorce decree "that subsequently to their inter-marriage the said defendant has committed adultery as charged" is sufficient to sustain it, since the word "adultery" expresses the ultimate fact that was charged and necessary to find.

2. DIVORCE—*burden of proof.* In a suit for divorce the burden of proving condonation rests on defendant unless it appears from complainant's evidence.

3. DECREES—*findings.* It is unnecessary in order to sustain a decree that it contain a finding on a question not put in issue.

Divorce. Error to the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 3, 1912. *Certiorari* denied by Supreme Court (making opinion final).

ALEXANDER H. HEYMAN and FRANK R. CAIN, for plaintiff in error.

CASWELL & HEALY, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

The assignments of error question the validity of a decree of divorce granted on the ground of adultery. It is contended that the finding in the decree, "that subsequently to their intermarriage the said defendant has committed adultery as charged," etc., is not a finding of a specific fact, but the statement of a conclusion, and we are cited to the Ohman case, 233 Ill. 632, and the Trenchard case, 245 Ill. 313, as authority. Neither case supports the contention. In each of them, as in the case at bar, the evidence was heard by the court and not preserved in the record, and whether the decree could be sustained depended upon whether the finding of fact therein was sufficient to support it, it being elementary that to support a decree in chancery, the facts justifying it must be preserved in the record in some form. The finding of the decree in the Ohman case, *supra,* was "that the allegations in said bill contained are true, as therein stated." Manifestly it was a mere conclusion or inference from evidence not preserved, and was not a finding of specific facts, as was therein held. In the Trenchard case, *supra,* the finding in the decree was "that the defendant has been guilty of extreme and repeated cruelty, as charged in the complainant's bill of complaint." The court said that the bill itself did not state a case of extreme and repeated cruelty within the meaning of the statute, and held that such recital in the decree was wholly insufficient as a finding of facts under the allegations of that bill. It further said that no facts were recited in the decree from which the character of the acts complained of as extreme and repeated cruelty could be determined. But here the decree finds an ultimate fact.

The word "adultery" has a definite meaning, and in itself expresses the ultimate fact that was charged and necessary to find. A general finding of an ultimate fact in a decree is sufficient, and it is not necessary to

find minutely all the circumstances tending to sustain the general finding. Koch v. Arnold, 242 Ill. 208.

The complainant alleged in his bill of complaint that he ceased to cohabit with his wife at a certain date, but did not during the time of cohabitation know of the commission of the offenses charged against her. It is contended that it was essential that the decree find as a fact that he did not condone such offenses. That fact was not put in issue as contended. Issue was taken only as to the time they ceased to cohabit, and not on the question as to his knowledge of such offenses. Knowledge would not be presumed from the mere fact of cohabitation so as to require a denial of it. The burden of proving condonation, unless it appeared from complainant's evidence, rested upon defendant. Hence in the absence of an issue on that question, a finding thereon was unnecessary to sustain the decree, and it will be affirmed.

*Affirmed.*