IRA M. COBE, Plaintiff in Error, *vs.* FREDERICK H. BART-LETT, Defendant in Error.

*Opinion filed October 27, 1915—Rehearing denied Dec. 10, 1915.*

1. APPEALS AND ERRORS—*rule where Appellate Court reverses with a finding of facts.* Where the Appellate Court reverses a judgment as a result of finding the facts in controversy different from the finding of the trial court and recites in its judgment the facts so found, such finding is by statute made conclusive, and the Supreme Court can only inquire whether the law was properly applied to the facts so found.

2. SAME—*a finding of an ultimate fact may require an application of rules of law.* A finding of an ultimate fact frequently requires the application of rules of law, and thus, in a sense, becomes a mixed question of law and fact; but such finding is none the less a finding of an ultimate fact.

3. SAME—*what is a proper finding of an ultimate fact.* A finding in the judgment of the Appellate Court reversing a judgment for the plaintiff in an action on a written contract, that the plaintiff "did not acquire the premises described in the contract sued on through foreclosure of the trust deed described in the contract and did not perform or fulfill the conditions of the contract to be performed and fulfilled by him, and the defendant * * * is not indebted to the plaintiff * * * under the contract sued on," is a proper finding of an ultimate fact.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.

MILTON J. FOREMAN, JACOB LEVIN, EGBERT ROBERT-
SON, and DAVID BLUMROSEN, (JOHN E. HOGAN, of coun-
sel,) for plaintiff in error.

EDWARD P. VAIL, JOHN LYLE VETTE, and DONALD P.
VAIL, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Ira M. Cobe, plaintiff in error, obtained a judgment
for $25,144.14 against Frederick H. Bartlett, defendant in
error, in the municipal court of Chicago, in a suit brought
upon a written contract. This judgment was reversed by
the Appellate Court for the First District with a finding of
facts, and the record of that court is brought here for re-
view by a writ of *certiorari.*

The proof discloses that on April 3, 1905, Bartlett, act-
ing for the Northern Liquidation Company, bought from
the Prudential Insurance Company the premises in the city
of Chicago known as the Beveridge building and took title
in the name of Benjamin H. Wallace, who had no bene-
ficial interest in the property but who held the title either ·
for Bartlett or the liquidation company. On that day Wal-
lace executed and delivered to the insurance company his
note for $60,000, secured by a first mortgage on the prop-
erty, and also executed another note for $20,000, payable
to his order and by him indorsed, and to secure the same
executed and delivered a trust deed to the Chicago Title
and Trust Company, trustee, to the same property, in which
trust deed it was expressly recited that the same was sub-
ject to the first mortgage. The notes secured by the mort-
gage and trust deed were each due April 3, 1910. The in-
surance company held its note until maturity, but the note
for $20,000 came into the possession of Bartlett and Clin-
ton S. Woolfolk, the latter being an officer of the liquidation
company. On November 27, 1905, Bartlett and Woolfolk
sold the $20,000 note to Cobe, and the parties entered into

a written contract which recited the sale and delivery of the note, and wherein Bartlett and Woolfolk agreed that in the event of the foreclosure of the trust deed and Cobe acquiring the premises through foreclosure for a sum not exceeding the actual amount due as found by the decree, they would purchase the premises from Cobe immediately upon the expiration of the period of redemption and would pay Cobe therefor the amount required to redeem the premises on the last day of the period of redemption. Neither the $60,000 nor the $20,000 note was paid upon maturity. On April 12, 1910, the Assets Realization Company, which furnished the money wherewith the purchase of November 27, 1905, was made by Cobe, as the holder of the trust deed note, filed its bill for foreclosure. On September 30, 1910, a decree of sale was entered, and the premises were sold on October 28, 1910, by the master to Cobe. On May 21, 1910, the insurance company, as holder of the first mortgage note, filed its bill for foreclosure and obtained a decree of sale October 29, 1910. The property was sold under this decree on November 26, 1910, to the insurance company. A master's deed was issued to Cobe under the Assets Realization Company's foreclosure, on January 30, 1912. In the meantime Bartlett acquired the title of the insurance company as the holder of the certificate of purchase under its foreclosure. The evidence tends to prove that this title was so acquired by Bartlett with the knowledge and consent of Cobe. On February 28, 1912, a master's deed was issued and delivered to the insurance company, which in turn executed and delivered a deed to the property to John W. Sturtevant, who was Bartlett's nominee under his contract with the insurance company for the purchase of its title. Immediately upon securing the master's deed on January 30, 1912, Cobe executed his deed to Bartlett and Woolfolk and made an unconditional tender of the same to them, and requested that they pay him the amount due under the contract entered into at the time of

the purchase of the $20,000 note by Cobe. Bartlett and Woolfolk refused to execute the deed or to pay the amount demanded by Cobe, on the ground that he had not complied with the conditions in his contract.

The Appellate Court made the following finding of facts, which it incorporated into its judgment: "And the court, upon the allegations and proofs in the record in this cause contained, finds that the plaintiff, Ira M. Cobe, did not acquire the premises described in the contract sued on through foreclosure of the trust deed described in the contract and did not perform or fulfill the conditions of the contract to be performed and fulfilled by him, and the defendant, Frederick H. Bartlett, appellant, is not indebted to the plaintiff, Cobe, under the contract sued on."

It is contended on the part of the plaintiff in error, Cobe, that the purported finding of facts by the Appellate Court is in reality a conclusion of law and does not prevent the matters stated therein from being reviewed in this court. Where the Appellate Court reverses a judgment of the trial court as a result of finding the facts in controversy different from the finding of the trial court and recites in its judgment the facts so found, such finding is by the statute made conclusive, and this court can only inquire whether the law was properly applied by the Appellate Court to the facts so found. (*Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399; *Nonotuck Silk Co.* v. *Adams Express Co.* 256 id. 66.) If this is a proper finding of facts then we are concluded, as it must be apparent that the Appellate Court properly applied the law to the facts so found. If, however, the finding of the Appellate Court is but a conclusion of law and does not amount to a finding of facts then we are not concluded.

It frequently happens that a finding of an ultimate fact requires the application of rules of law, and thus, in a sense, becomes a mixed finding of law and fact, but such a finding is no less an ultimate finding of facts because it

involves the application of rules of law. We have had occasion, in passing upon the sufficiency of a finding in a decree, to determine whether such a finding as was here made is a finding of facts or a mere conclusion of law. In *Koch* v. *Arnold,* 242 Ill. 208, we had before us for determination the sufficiency of a decree in a case where the record contained no certificate of evidence. The bill alleged that the complainant was the owner and in possession of the premises involved, and the answer denied this allegation. The decree found that the complainant was the owner of the premises. It was there insisted that that finding was not sufficient because it was a mere conclusion of law and not the finding of a fact, but we held that it was a finding of the ultimate fact. In passing upon the question we there said: "Almost any statement of fact may be shown by a refined analysis to depend upon an inference to be drawn from other facts and to require the application of legal rules in making the deduction. Besides ownership may be cited marriage, residence, possession, partnership, assessment, delivery, and many other acts, relations or conditions, as examples of a complex fact, the finding of which may require the consideration of few or many subordinate facts and the application of legal principles to their consideration, but the final conclusion reached as an inference of fact drawn from all the circumstances is a fact within the meaning of the rule requiring the facts sustaining a decree to appear of record." This holding was followed in *Bogda* v. *Glos,* 244 Ill. 575, where the same question was involved.

We perceive no difference between the ultimate fact required to be found in a decree to support its order and the ultimate fact required to be found by the Appellate Court and recited in its judgment upon the reversal of the judgment of a trial court. There being no difference, then, under the holding in *Koch* v. *Arnold, supra,* and *Bogda* v. *Glos, supra,* this finding of the Appellate Court must be

270 — 5

held to be a proper finding of an ultimate fact. In those cases the finding in the decree was simply that the complainant was the owner of the premises. Here, while the same question of ownership is involved, the finding is in the negative,—that Cobe did not acquire the premises.

The Appellate Court having made a finding of facts which precludes a recovery on the part of the plaintiff in error, and having properly applied the law thereto, we can not disturb the judgment of reversal, and the same is accordingly affirmed.          *Judgment affirmed.*