## Hannah Bentley Richardson, Defendant in Error, v. Lewis W. Richardson, Plaintiff in Error.

1. DIVORCE—*when declaratory provision of decree as to property rights not erroneous.* It is not prejudicial error to incorporate in a divorce decree, in favor of the complaining wife on the grounds of extreme and repeated cruelty of the husband, a provision finding that the complainant is the owner and possessor of certain real estate and debarring the defendant from any interest in any real estate then or thereafter owned by the complainant, although the bill contained no allegations. as to ownership of real property by either of the parties, where such provision does not adjudicate any property rights as between the parties but is simply declaratory of the provisions of Cahill's Ill. St. ch. 41, sec. 14, relative to property rights, and complainant was entitled to the divorce for the husband's misconduct.

2. DIVORCE—*sufficiency of decree in stating specific facts as to grounds.* A decree awarding divorce to the complaining wife for extreme and repeated cruelty sets out sufficient specific facts to entitle the complainant to a divorce where it finds that the husband has "on divers different times * * * beat, struck, kicked and choked" complainant, that at a specified time and place he "struck, bruised and otherwise injured" her and that on a specified date and place he struck her on the head with his fist causing blood to flow from her ear and at the same time kicked her in the side and broke two ribs.

3. DIVORCE—*sufficiency of decree as to findings of fact.* A divorce decree will not be reversed because the evidence to sustain it is not preserved by a certificate of evidence, bill of exceptions or by sufficient findings of fact in the decree itself where it recites sufficient ultimate facts to sustain the conclusion drawn.

4. DIVORCE—*sufficiency of finding in decree as to condonation.* A divorce decree will not be reversed on the ground that the finding therein on the issue of condonation is a conclusion of law and that

no certificate of evidence preserves the evidence on that issue where it finds that "complainant has not condoned, as contemplated by the law, any said acts of cruelty," which are specifically recited therein, and where the defendant has not preserved the evidence on that issue by a certificate of evidence.

5. APPEAL AND ERROR—*presumption on appeal in favor of divorce decree.* A divorce decree will not be reversed on the ground that no supplemental bill or supplemental replication was filed where the decree recites that a supplemental replication was filed and it does not appear from the abstract that none was filed.

Error by defendant to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed January 17, 1923. Rehearing denied April 3, 1923.

FRED HAMILTON, for plaintiff in error.

WHITLEY & FITZGERALD, for defendant in error.

MR. JUSTICE HEARD delivered the opinion of the court.

Defendant in error, hereinafter called the complainant, filed her bill for divorce against plaintiff in error, hereinafter called defendant, in the circuit court of Macon county.

The bill of complaint alleged that the parties were married on the 4th day of April, 1917; that the defendant had been guilty of extreme and repeated cruelty in this, that on divers days and times since said marriage he had beaten, struck, kicked and choked the complainant, the exact dates not being remembered by the complainant, but that in April, 1921, the defendant slapped and pinched complainant until her arms were black and blue; that again on the 11th day of May, 1921, the defendant struck complainant on the side of her head with his fist and caused the blood to flow from her left ear, and that at the same time kicked her in the side and broke one of her ribs, and on the 11th day of May, 1921, she did leave and absent herself from the home of

the defendant, since which time she has refused to live with him. The bill prayed for a divorce, for alimony and suit money and for such other and further relief in the premises as equity may require.

The answer of the defendant, filed on the 29th day of July, 1922, admitted that the complainant and defendant were married on the date alleged in the bill of complaint, and that the complainant did absent herself from the home of the defendant, and had since refused to live with him. The answer denied each and every allegation of cruelty as set forth in the bill. On the 28th day of November, 1921, the defendant, after leave of court, filed his supplemental answer, in which he alleged that after the filing of his answer herein he and the complainant lived and cohabited together as man and wife in the City of Champaign, in the County of Champaign, and State of Illinois, from to wit, the 24th day of September to the 2nd of October, A. D. 1921, and prayed to be dismissed with his reasonable costs and charges, etc. Trial was had by the court and a decree rendered in favor of complainant, to review which decree defendant has sued out a writ of error.

The decree found that the complainant was the owner and possessor of certain real estate and decreed that ''said defendant shall have no interest and forever be barred of any interest of any kind whatsoever in any of the real estate now or hereafter to be owned by said complainant.''

There was no allegation in the bill that either of the parties owned or claimed to own any real estate, and it is claimed by defendant that for that reason and for the further reason that no evidence was preserved in the record by certificate of evidence, that this portion of the decree is erroneous. The court by this decree did not attempt to adjudicate upon any disputed property rights or to deprive defendant of his right to any specific property, but only barred

him from any rights in any property belonging to complainant without attempting to determine what property belonged to her. The only right which defendant could have in property belonging to his wife would be the right of homestead and the inchoate right of dower. Section 14, ch. 41, Cahill's Ill. St. provides: "If any husband or wife is divorced for the fault or misconduct of the other, except where the marriage was void from the beginning, he or she shall not thereby lose dower nor the benefit of any such jointure, but if such divorce shall be for his or her own fault or misconduct, such dower or jointure, and any estate granted by the laws of this state, in the real or personal estate of the other, shall be forfeited." The provision of the decree in question being simply declaratory of the statute law on the subject, its incorporation in the decree was not prejudicial to defendant if complainant was entitled to a decree of divorce.

It is secondly contended by the defendant that this cause should be reversed and remanded by this court because the decree does not set out sufficient specific facts to entitle the complainant to a divorce and that it should show that the complainant suffered injuries or had a reasonable apprehension of bodily harm or show a state of personal danger. The decree finds "the said Lewis W. Richardson, wholly disregarding his marriage vows and obligations toward said complainant, has been guilty of extreme and repeated cruelty towards said complainant, that is to say, that the said defendant on divers different times since said marriage has beat, struck, kicked and choked said complainant; that on, to wit, in the month of May since said marriage, in the Village of Latham, said defendant struck, bruised and otherwise injured said complainant, and said complainant was compelled to seek the assistance of the neighbors; that again, on about the 11th day of May, A. D. 1921, in

the City of Decatur, said defendant struck said complainant on the head with his fist, and caused the blood to flow from her ear, and at the same time kicked her in the side and broke two of her ribs, and otherwise greatly injured her, all without any provocation whatsoever." The specific facts recited in this decree certainly constitute extreme and repeated cruelty within the meaning of our statute. This term has been construed to mean physical acts of violence, bodily harm, such as endangers life or limb, such acts as raise a reasonable apprehension of bodily harm and show a state of personal danger incompatible with the marriage state. *Trenchard v. Trenchard*, 245 Ill. 313.

It is contended by defendant that the decree must be reversed because the evidence to sustain it is not preserved in the record by a certificate of evidence, bill of exceptions or sufficient findings of fact in the decree.

In chancery no presumption will be entertained that evidence sufficient to sustain the decree was heard, and if the evidence is not properly preserved by a certificate of evidence, bill of exceptions, the report of a master, the verdict of a jury, or sufficient findings of fact in the decree to sustain it, the decree will be reversed upon appeal or writ of error. *Timke v. Allen*, 225 Ill. 402. This rule, however, does not require the decree, when the evidence is not otherwise preserved, to recite all the evidentiary facts necessary to establish the ultimate fact found but only requires the decree to recite sufficient ultimate facts to justify the conclusion drawn. *Ruppe v. Glos*, 243 Ill. 414; *Rybakowicz v. Rybakowicz*, 290 Ill. 550; *Cobe v. Bartlett*, 270 Ill. 61.

It is contended by defendant that condonation was an issue in the case; that the finding in the decree, "And the court finds that since the 11th day of May, A. D. 1921, said complainant has not condoned, as

contemplated by the law, any said acts of cruelty,''
is a conclusion of law and not a finding of fact and
the evidence not having been preserved the decree
must be reversed. Condonation is a matter of de-
fense and the burden of establishing it was on the
defendant, and as it was not necessary for complain-
ant in the decree to recite all the evidence but only
so much thereof as to be sufficient to justify the court
in granting the relief sought, had the defendant de-
sired to have the evidence on the question of con-
donation reviewed in this court, he could have pre-
served it by certificate of evidence.

Moreover, although what constitutes condonation
is a matter of law, the same as is what is necessary
to constitute ownership of property, the question as
to whether or not acts of cruelty have been condoned
in any given case is a question of ultimate fact to be
determined from evidentiary facts.

In *Koch v. Arnold,* 242 Ill. 208, it was held that a
finding in a decree "that the complainant was the
owner of the premises" was not a mere conclusion of
law but was a finding of an ultimate fact. In *Cobe
v. Bartlett, supra,* it was said: "It frequently hap-
pens that a finding of an ultimate fact requires the
application of rules of law, and thus, in a sense, be-
comes a mixed finding of law and fact, but such a find-
ing is no less an ultimate finding of facts because it
involves the application of rules of law." We are of
the opinion that the ultimate facts as found in the
decree were sufficient to justify the court in entering
its decree thereon.

It is contended by the defendant that the decree of
the circuit court is erroneous because there was not
a supplemental bill or a supplemental replication
filed in this case. The decree recites that there was
a supplemental replication filed and it does not ap-
pear from the abstract that none was filed.

Finding no reversible error in the record the decree is affirmed.

*Affirmed.*