THE VILLAGE OF HARLEM

*v.*

THE SUBURBAN RAILROAD COMPANY *et al.*

*Opinion filed April 24, 1903.*

| | |
|---|---|
| 202 | 301 |
| 207 | [1]623 |
| 202 | 301 |
| 111a | [1] 98 |
| 202 | 301 |
| 115a | [2]171 |

1. APPEALS AND ERRORS—*party who obtains relief in equity must sustain the decree.* In chancery cases, if the specific facts proven on the hearing are not found in the decree, the party obtaining the relief must, on appeal, sustain the decree by preserving such facts by certificate of evidence or otherwise.

2. SAME—*effect where evidence is not preserved in the record.* If the party in whose favor a decree granting relief is entered fails to preserve the evidence in some proper form the decree must be reversed, since it will not be presumed sufficient evidence was heard to sustain the decree.

3. SAME—*when evidence is not preserved in decree.* Recitals in a decree that the court has jurisdiction; that the material allegations of the bill are proved; that the equities are with the complainant and that the allegations of the cross-bill are not proved, are not alone sufficient to sustain the decree, where the answer denies the material allegations of the bill, a replication is filed and a trial had on the issues of fact.

4. SAME—*when entire decree must be reversed.* If a writ of error is sued out to reverse a general decree granting relief upon an original bill and dismissing the cross-bill, which was predicated upon the answer, the entire decree must be reversed, both as to the original bill and the cross-bill, where the evidence to sustain the decree is not preserved.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This was a bill in chancery filed in the circuit court of Cook county by the defendant in error, for an injunction restraining the plaintiff in error, and its president and board of trustees, from forfeiting the right of the defendant in error to maintain and operate its railroad in Sterling street and Mizner avenue, in the village of Harlem, and from interfering with or destroying its railroad property located in said street and avenue, and to enjoin its lessor, the Chicago Terminal Transfer Railroad Company, from terminating the lease, and for a

construction of the ordinances under which it is operating its railroad in said street and avenue in the village of Harlem    The plaintiff in error answered the bill, denying the defendant in error was entitled to the relief prayed for therein, and filed a cross-bill setting up the same facts averred in the answer to the original bill, and prayed that the defendant in error be decreed to have forfeited its right to occupy said street and avenue with its railroad and railroad property, and that it be decreed to remove the same therefrom.    An answer was filed to the cross-bill, and replications having been filed, the decree recites the case was tried in open court upon documentary and oral evidence, and a decree was entered dismissing the cross-bill for want of equity and granting the relief prayed for in the original bill, and a writ of error has been sued out by the village of Harlem to reverse said decree.  No certificate of evidence was filed, and the errors assigned are based solely upon the record, which contains only the pleadings, orders of court and final decree.

F. J. GRIFFEN, and FRANK LITTLE, for plaintiff in error.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for the Suburban Railroad Company.

JESSE B. BARTON, for the Chicago Terminal Transfer Railroad Company.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiff in error contends that the decree must be reversed on the ground that there are no findings of fact or certificate of evidence in the record.  In chancery cases the practice is well settled in this State that the party in whose favor a decree granting relief is entered, to maintain it must preserve the evidence by a certificate of evidence or otherwise, or the decree must find the specific facts that were proven on the hearing, and that it is not the duty of the party against whom the decree granting re-

lief is rendered to preserve the evidence.   (*Grob* v. *Cush-
man*, 45 Ill. 119;  *Wilhite* v. *Pearce*, 47 id. 413;  *Forth* v. *Town
of Xenia*, 54 id. 210;  *Pankey* v. *Raum*, 51 id. 88;  *Durham* v.
*Mulkey*, 59 id. 91;  *Moss* v. *McCall*, 75 id. 190;  *Marvin* v. *Col-
lins*, 98 id. 510;  *Jackson* v. *Sackett*, 146 id. 646;  *Glos* v. *Beck-
man*, 168 id. 74.)   The only findings found in this decree
are the following:   "The court finds that it has jurisdic-
tion of the subject matter of this cause and of the parties
hereto.   The court further finds that all the material al-
legations in said bill of complaint are proved, and that
the equities of this cause are with the complainant, and
that the allegations of the cross-bill filed herein are not
proved."   The remainder of the decree is divided into
paragraphs, and each paragraph is commenced with the
words, it is "ordered, adjudged and decreed," and in no
place does the decree, other than as stated, purport to
make any findings of fact.   In case the facts are pre-
served in the decree it must find "specific facts."  (*Marvin*
v. *Collins*, *supra*.)   The mere statement of "legal conclu-
sions" is not within the rule.   (*Jackson* v. *Sackett*, *supra*.)
It is clear that the findings found in this decree are mere
legal conclusions, and not sufficient, under the foregoing
authorities, to supply the place of a certificate of evi-
dence.   In *Marvin* v. *Collins*, *supra*, on page 516 it is said:
"Appellee has preserved no evidence in the record, and
according to the practice in courts of equity, as an-
nounced in many cases in this court, the party in whose
favor the decree granting relief is rendered, to maintain
it must preserve the evidence, or the decree must find
specific facts that were proved on the hearing.   It is not
the duty of the party against whom the decree grant-
ing relief is rendered to preserve the evidence."   And in
*Jackson* v. *Sackett*, *supra*, on page 655 the court say: "It is
well settled that in proceedings in chancery it is incum-
bent upon the party seeking to sustain a decree in his
favor to preserve the evidence upon which it is based
in the record in some proper form, and that when this is

not done, no presumption will be entertained that evidence sufficient to sustain the decree not appearing in the record was heard. (*White* v. *Morrison*, 11 Ill. 361; *Stacey* v. *Randall*, 17 id. 467; *Bennett* v. *Whitman*, 22 id. 449; *James* v. *Bushnell*, 28 id. 158; *Waugh* v. *Robbins*, 33 id. 181; *Quigley* v. *Roberts*, 44 id. 503; *Wilhite* v. *Pearce*, 47 id. 413; *McIntosh* v. *Saunders*, 68 id. 128; *Driscoll* v. *Tannock*, 76 id. 154; *Marvin* v. *Collins*, 98 id. 510.)   *   *   *   Where evidence is taken orally in open court it must be preserved by a certificate of evidence, but where the decree recites the facts found by the court from the evidence, it will be presumed, in the absence of anything in the record showing the contrary, that the facts thus found were proved by competent evidence."

The allegations of the original bill, and the answer thereto, are called to the attention of the court, and it is insisted the admissions of the plaintiff in error contained in its answer are sufficient to sustain the decree. Had the case been tried upon the original bill and answer and a decree entered in favor of the defendant in error, or had the answer admitted all the material allegations contained in the bill to be true, there would be much force in the contention of defendant in error. It, however, filed a replication to the answer to the original bill and went to trial upon the issues of fact thus formed. When considered as a whole, the answer denies many of the material averments of the bill and denies that the defendant in error is entitled to the relief prayed for. When the material allegations of a bill in chancery are denied, to sustain a decree in favor of the complainant the evidence must be preserved by findings of fact or a certificate of evidence, otherwise the case, upon appeal or writ of error, will be reversed. *Grob* v. *Cushman, supra; Pankey* v. *Raum, supra.*

It is also insisted by the defendant in error that the cross-bill having been dismissed, and there being no findings of fact and the evidence not having been otherwise

preserved in the record, it will be presumed that the evidence justified the entry of the part of the decree which dismissed the cross-bill for want of equity, and, at most, this court will only reverse the decree as to the relief granted upon the original bill and will allow the decree dismissing the cross-bill to stand,—citing *Ryan* v. *Sanford*, 133 Ill. 291, *Jackson* v. *Sackett*, *supra*, and *First Nat. Bank* v. *Baker*, 161 Ill. 281. The cases cited by defendant in error to sustain this position were cases in which original bills were dismissed for want of equity, and wherein it was held the evidence need not be preserved in such state of case, "since that is the proper decree in case there is no evidence or if the evidence is insufficient to authorize the relief prayed for." We are of the opinion these cases do not sustain the contention of the defendant in error. In this case the cross-bill was predicated upon the same facts relied upon in the answer to the original bill as a defense to that bill, and the cross-bill presumably was filed with the view to obtain affirmative relief in case it should be held the facts, as shown by the proofs, warranted the granting of such relief. A general decree was entered granting the relief prayed for in the original bill and denying the relief asked in the cross-bill. To review that decree this writ of error was sued out, the effect of which was to bring before this court the entire record. (*Union Trust Co.* v. *Trumbull*, 137 Ill. 146.) The decree in favor of the defendant in error was an entirety. (*Glos* v. *O'Toole*, 184 Ill. 585.) An appeal will not lie from a decree dismissing a cross-bill until the whole case is disposed of. (*Fleece* v. *Russell*, 13 Ill. 31; *McMahon* v. *Quinn*, 140 id. 199.) It devolved upon the defendant in error to sustain the decree in its favor by preserving by a certificate of evidence or findings of fact in the decree the evidence upon which the decree was based. This it neglected to do, and the entire decree must be reversed.

The decree of the circuit court will be reversed and the cause remanded.          *Reversed and remanded.*