ANNA S. OHMAN, Defendant in Error, *vs.* CHARLES J. OHMAN, Plaintiff in Error.

*Opinion filed April 23, 1908.*

1. APPEALS AND ERRORS—*party in whose favor relief is decreed must preserve the evidence or facts to sustain the decree.* A party in whose favor relief is decreed in a chancery case must in some way preserve in the record the evidence or the facts justifying the decree, as no presumption will be indulged that the evidence was sufficient for that purpose.

2. SAME—*what findings in decree are not sufficient to sustain it.* Findings in a divorce decree that the allegations of the bill are true and the equities are with the complainant are not sufficient to sustain the decree, where there is no finding of specific facts in the decree, the evidence is not preserved in the record, and there is no verdict or master's report.

3. SAME—*verdict or master's report preserves the facts in lieu of the evidence.* Where there has been a verdict of a jury or a report of a master finding the facts, such verdict or report preserves in the record the facts established instead of the evidence heard to establish the facts, and the evidence need not be otherwise preserved in order to sustain the decree.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

ANDERSON & ANDERSON, for plaintiff in error.

CHARLES C. STILWELL, and DALE & FRANCIS, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The defendant in error filed a bill for divorce against her husband, charging him with extreme and repeated cruelty. He answered, denying the charges. A replication was filed, a hearing was had, and a decree was entered dissolving the marriage of the parties and awarding the custody of the

children to the complainant. .The defendant prosecuted a writ of error, and the decree having been affirmed by the Appellate Court, he has sued out the present writ of error to review the judgment of the Appellate Court.

The evidence was not preserved in the record, and the only finding of the decree is, "that the allegations in the said bill contained are true, as therein stated, and the equities of this cause are with the complainant."

In chancery it is incumbent upon the party in whose favor a decree granting relief is entered, to preserve in the record the evidence justifying the decree. Contrary to the rule of law, no presumption will be indulged that evidence sufficient to sustain the decree was heard if such evidence does not appear in the record. The general finding that all the material allegations in the bill are proved and that the equities of the case are with the complainant will not sustain a decree granting relief, where there is no finding of specific facts and the evidence is not preserved in the record. (*Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301; *Torsell* v. *Eiffert,* 207 id. 621; *Berg* v. *Berg,* 223 id. 209; *Becklenberg* v. *Becklenberg,* 232 id. 120.) Where there has been a verdict of a jury or a report of a master finding the facts, such verdict or report preserves in the record the facts established instead of the evidence heard to establish the facts, and the evidence need not be otherwise preserved. (*Thatcher* v. *Thatcher,* 17 Ill. 66.) In this case there was neither the verdict of a jury, report of a master, depositions filed in the cause nor finding of specific facts in the decree.

The judgment of the Appellate Court and decree of the superior court will therefore be reversed and the cause remanded to the latter court. *Reversed and remanded.*