THE TRUSTEES OF GRAYS LAKE AND WARREN METHODIST EPISCOPAL CHURCH, Defendants in Error, *vs.* ELSWORTH METCALF *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1910.*

1. APPEALS AND ERRORS—*party obtaining affirmative relief must preserve evidence to sustain decree.* A party in whose favor a decree granting affirmative relief is entered must, in order to sustain it on appeal, preserve the evidence by a certificate of the evidence or the decree must find sufficient facts that were proved.

2. SAME—*finding of decree that all material allegations of bill are proved is not sufficient.* A general finding in a decree grant-

ing affirmative relief that all the material allegations of the bill are proved and that the equities are with the complainant is not sufficient to sustain the decree on appeal, in the absence of a certificate of evidence or a specific finding of facts.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. ARTHUR H. FROST, Judge, presiding.

COOKE, POPE & POPE, for plaintiffs in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill for injunction filed in the circuit court of Lake county by defendants in error against plaintiffs in error, alleging that defendants in error were elected trustees of the Methodist Episcopal Church of Grays Lake and Warren on May 25, 1908; that in 1879 the trustees of the Warren Methodist Episcopal Church obtained title, by deed from Levi Stafford, to certain land, upon which they erected a church building, dedicating it to the general conference of the Methodist church for divine worship; that because said church building had become dilapidated, the former members having died or become scattered and there not being sufficient interest to keep the building in repair and engage a minister, said church was on October 1, 1907, by the bishop of the Rock River conference, within the jurisdiction of which it was situated, united with the Grays Lake Methodist Episcopal Church; that said church building was the property of said Warren Methodist Episcopal Church and the said defendants in error as trustees thereof, for the use of said Grays Lake and Warren Methodist Episcopal Church; that the plaintiffs· in error, either as individuals or as trustees for some use or purpose, person or corporation unknown, threatened to tear down and remove said building, and had published a notice that a public sale of said building and contents would be held November 11, 1908.  Plaintiffs in error answered, denying

the allegations of the bill and praying strict proof. A hearing was had on January 4, 1909, and a decree entered in favor of defendants in error, enjoining plaintiffs in error, either as individuals or trustees, and the trustees of the Gurnee Christian Church, from selling, tearing down or removing said church building or its contents. To review this decree this writ of error was sued out.

The testimony heard in the court below is not preserved in the record by a certificate of evidence or otherwise. The decree as entered does not set out the specific facts upon which it is based, but merely recites "that all the material allegations in the said bill of complaint contained are true and that the complainants are entitled to the relief in said bill of complaint prayed." It has long been the settled rule of law in this State that in chancery cases a party in whose favor a decree granting affirmative relief is entered, in order to maintain it, must preserve the evidence by a certificate of evidence, or the decree must find specific facts that were proved on the hearing. (*White* v. *Morrison,* 11 Ill. 361; *Bennett* v. *Whitman,* 22 id. 449; *Marvin* v. *Collins,* 98 id. 510; *Village of Harlem* v. *Suburban Railroad Co.* 202 id. 301; *Berg* v. *Berg,* 223 id. 209; *Patterson* v. *Northern Trust Co.* 230 id. 334.) A general finding that all the material allegations in the bill are proved and that the equities are with the complainant will not sustain a decree granting relief, where there is no specific finding of facts and the evidence is not otherwise preserved in the record. *Ohman* v. *Ohman,* 233 Ill. 632, and cases cited.

On this state of the record the decree of the circuit court must be reversed and the cause remanded to that court.                *Reversed and remanded.*