## William Meinel and Louis Henry, Trustee, Defendants in Error, v. Charles W. Randolph and Emma Z. Randolph, Plaintiffs in Error.

## Gen. No. 17,325.

1. APPEALS AND ERRORS—*preservation of evidence.* To sustain a decree granting affirmative relief, the party in whose favor it was entered must preserve the evidence by a certificate or the decree must contain a sufficient finding of the facts proved, and a general finding that

all material allegations of the bill are proved and that the equities are with the complainant is not sufficient.

2. MORTGAGES—*what does not release errors in foreclosure proceedings.* A redemption of property sold under foreclosure by payment by the grantee of a warranty deed given by defendant does not operate as a release of errors in the foreclosure proceedings by defendant.

Error to the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed June 24, 1913.

ROBERT J. NORDHOLD, for plaintiffs in error; ROSE, SYMMES & KIRKLAND, of counsel.

HENRY & ROBINSON, for defendants in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

A bill of complaint was brought to foreclose a trust deed executed by Josephine A. Bongard and her husband to Louis Henry, as trustee, to secure the payment of a note given by Mrs. Bongard. Among the defendants named in the bill as having or claiming some interest in the mortgaged premises were the plaintiffs in error, Charles W. Randolph and Emma Z. Randolph. The plaintiffs in error filed an answer, claiming that prior to the execution of the deed sought to be foreclosed in the present suit, a trust deed had been given by Mrs. Bongard and her husband to Adolph Loeb, as trustee, securing the payment of a note in the sum of $5,500, on the property involved; that prior to the filing of the bill in the present cause, which was on April 5, 1907, plaintiff in error Emma Z. Randolph had brought suit for the foreclosure of the said trust deed, and such proceedings had been had that a sale of the property was made to said plaintiff in error Emma Z. Randolph. The answer further set forth that any rights or interests which the com-

plainants, William Meinel and Louis Henry, as trustee, may have acquired in and to the property were subordinate and subject to the rights of the plaintiff in error Emma Z. Randolph, and that such fact appeared from the provisions of the trust deed sought to be foreclosed in the present cause.

In the present case there seems to have been no reference of the cause to a master in chancery. The decree was entered March 11, 1910, reciting that the cause having been brought on to be heard upon the bill of complaint taken as confessed by certain of the defendants, and on the answer of the defendants Charles W. Randolph and Emma Z. Randolph (plaintiffs in error) and upon the complainants' replication to said answer. The decree then proceeds: "And this cause coming on to be heard on oral testimony and documentary evidence introduced on behalf of complainants, and it appearing that all parties are properly before the court, and the court has jurisdiction of the subject-matter and of the parties thereto, and the court being advised in the premises, doth find that all the material allegations in the bill of complaint are proved, and that there is due the complainant, William Meinel, the sum of $1,033.95, also the sum of $70 as reasonable solicitor's fee under the provisions of the instrument sued on." The decree then orders, in the usual manner, that if some of the defendants do not pay the amount found due, etc., that the property be sold to pay the costs of suit, solicitor's fee, etc.

A party in whose favor a decree granting affirmative relief is entered must, in order to sustain it on appeal, preserve the evidence by a certificate of the evidence, or the decree must contain a sufficient finding of facts proved. A general finding that all material allegations of the bill are proved and that the equities are with the complainant, is not sufficient to sustain a decree on appeal in the absence of a certifi-

cate of the evidence or a specific finding of facts. *Gray's Lake M. E. Church v. Metcalf*, 245 Ill. 54; *Ohman v. Ohman*, 233 Ill. 632; *Patterson v. Northern Trust Co.*, 230 Ill. 334. The record disclosing the absence of a certificate of the evidence or a specific finding of facts, it follows that the decree must be reversed.

Motion was made by the defendants in error to dismiss the writ of error because of the alleged fact that the property had been sold and one Rosa A. Randolph had caused redemption to be had. The decision of the motion was reserved to the hearing. The motion must be denied. Rosa A. Randolph is not a party to this litigation, but is said to be the grantee in a warranty deed given by plaintiff in error Emma Z. Randolph. If, as asserted, she effected a redemption of the property by payment, such payment would not operate as a release by Emma Z. Randolph of errors in the proceedings. The payment was compulsory. *Schaeffer v. Ardery*, 238 Ill. 557.

For the reasons stated the decree will be reversed and the cause remanded.

*Reversed and remanded.*