Maria Leuer *et al.* Defendants in Error, *vs.* Frank Kunz *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1913.*

1. Appeals and errors—*when facts to sustain decree must be preserved by a certificate of evidence.* In chancery cases, if the specific facts necessary to sustain a decree are not recited in the decree the party obtaining relief by the decree must, on appeal, preserve such facts by a certificate of evidence.

2. Same—*when general recital that material allegations have been proven is not sufficient.* A general recital in a decree that the material allegations of the bill have been proven is not sufficient to sustain the decree on appeal, where an answer is on file denying the material allegations and the decree is the result of a trial on the issues of fact.

3. Same—*when presumption that material fact was proven can not be indulged.* Where there is no certificate of evidence, on appeal, in a chancery case, no presumption can be indulged that a material fact necessary to sustain the decree, but which is not recited therein, was proven.

4. Deeds—*when delay in seeking to reform deeds will bar relief.* Where deeds to strips of lots are exchanged for the purpose of settling a dispute as to whether the house of one of the parties extended over upon the lot of the other, and the party who owned the house makes no effort, during his lifetime, to correct the deeds for alleged fraudulent representation as to the location of the boundary line or mistake in describing the strips conveyed, although he lived for twenty years after the deeds were made, his heirs are not entitled to have the deeds reformed for the alleged fraud and mistake unless the delay is satisfactorily explained.

5. Same—*when a decree reforming deeds cannot be sustained.* In the absence of a certificate of evidence a decree reforming deeds on the ground of fraud and mistake cannot be sustained on appeal, where there is no finding in the decree that complainants' ancestor, who was grantor in one deed and grantee in the other, did not know of the alleged fraud and mistake during the twenty years which he lived after the deeds were executed, as the complainants' ignorance of the facts would not excuse the delay in attacking the deeds unless the ancestor was also ignorant of the facts during such time.

6. Same—*heirs cannot maintain bill to reform deeds unless the ancestor could have done so.* Heirs succeeding to the ancestor's

title are mere volunteers and cannot maintain a bill to reform deeds, in one of which he was the grantor and in the other the grantee, under any different circumstances than would have authorized the ancestor to maintain the bill before his death.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

CULVER, BYRON & CULVER, (MORTON T. CULVER, of counsel,) for plaintiffs in error.

CHARLES DANIELS, and SUMNER C. PALMER, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a bill in equity to reform two deeds of conveyance, dated November 26, 1892. The grounds of relief set out in the bill are fraud and false representations alleged to have been practiced upon Andrew Roesner, who was the grantor in one deed and the grantee in the other. The answer denied all of the material charges of the bill and demanded strict proof. A replication was filed and a hearing had in open court in the absence of the defendants and their counsel. A decree was entered granting the reformation of the deeds and awarding complainants $450 damages, and ordering the same to be paid within five days after the rendition of the decree. The decree was entered at the May term, 1913. On July 3, being one of the days of the June term of court, the defendants appeared and filed a motion to vacate and set aside the decree, which was overruled. The defendants below have sued out a writ of error for the purpose of obtaining a reversal of the decree.

There is no bill of exceptions or certificate of evidence in the record. The facts upon which the decree rests are only preserved by the findings in the decree.

The facts, so far as they are necessary to present the view which we have of this case, are as follows: Lots 21

and 22 in block 1, in Doyle's subdivision in Wilmette, are each fifty feet wide, fronting on. Kline street. Andrew Roesner owned lot 21. Frank Kunz owned lot 22, which adjoins lot 21 on the north or north-west. Roesner built a house on lot 21, the north side of which was supposed to be on or near the dividing line between lots 21 and 22. In 1892 a controversy arose between Kunz and Roesner in regard to the Roesner house being over the line and on a part of lot 22. It appears that Kunz contended that the Roesner house extended two feet over the line. Roesner also owned lot 20, and Kunz owned the next lot below, which is No. 19. These lots all front on Kline street. The bill alleges that Kunz falsely represented that the Roesner house was two feet over the line on lot 22, and that he was threatening to bring an ejectment suit to compel Roes-ner to move his house off of lot 22. Finally Kunz offered to convey to Roesner the south-easterly two feet off of lot 22 if Roesner would convey to him the south-easterly two feet off of lot 20. The bill alleges that an agreement was accordingly made for an exchange of two feet off of lot 22 for the same quantity of land off of the south-easterly side of lot 20, and that in pursuance of this arrangement Kunz fraudulently caused deeds to be prepared which did not describe two feet off of the south-easterly side of lot 22 but described a much smaller triangular piece of land, and also with like fraudulent intent had another deed prepared which, instead of conveying two feet off of the south-easterly side of lot 20, in fact conveyed a triangular strip of land that was eight feet wide at one end and nothing at the other end; that Roesner was a foreigner, who did not read, write or understand the English language, and that he was induced, through the fraudulent and false representations of Kunz, to execute one deed and accept the other with the misdescriptions herein above stated.

Roesner died testate in 1910, and the defendants in error are devisees of the real estate involved under his will

and filed their bill for the reformation of the deeds exe-
cuted in 1892. The bill, after setting out the foregoing
facts, alleges that Andrew Roesner never discovered the
true nature of the conveyances until the time of his death,
and that the defendants in error did not learn of the mis-
take and fraud alleged until after the death of Roesner.
It will be observed that Roesner lived twenty years after
the execution of these deeds, during all of which time he
was in the possession of lots 21 and 20, except the south-
easterly two feet of lot 20. During these twenty years
Roesner took no steps to correct the mistake, and his de-
lay is excused by the averment that he did not know of the
mistake or fraud that had been practiced upon him during
his lifetime.

The decree finds that the plaintiff in error Frank Kunz
falsely and fraudulently, with an intent to cheat Andrew
Roesner, represented that the dwelling house upon lot 21
extended over two feet on lot 22, and that, as a matter of
fact, said house did not so extend over the line onto lot 22
and that Kunz knew that fact. The decree finds that de-
fendants in error did not learn of said false and fraudulent
statements until after the death of Andrew Roesner. There
is no finding anywhere in the decree that Andrew Roesner
did not know of the true situation during his lifetime. No
presumptions can be indulged that a fact necessary to sus-
tain the decree was proven when the evidence is not pre-
served by a certificate of evidence, in the absence of a find-
ing of the facts in the decree. In chancery cases the law
is well settled that if the specific facts necessary to sustain
the decree are not found in the decree, the party obtaining
the relief must, on appeal, sustain the decree by having
such facts preserved by a certificate of evidence. There is
a general recital in this decree that the material allegations
of the bill have been proven, but this will not sustain a
decree where an answer is on file denying the material
allegations and the decree is the result of a trial on the

issues of fact. (*Village of Harlem* v. *Suburban Railroad Co.* 202 Ill. 301; *Grays Lake M. E. Church* v. *Metcalf,* 245 id. 54, and cases there cited.) The length of time intervening between the execution of these deeds and the death of Roesner is such as to bar relief unless the delay was satisfactorily explained. The averment of the bill, as already shown, is simply that Roesner did not know, during his lifetime, that there was a misdescription in these deeds. He presumably had one of these deeds in his possession. He lived on lot 21 and held the title to lot 20, which joined it on the south. There is no averment which tends in any way to show that Roesner, during the twenty years after the execution of these deeds, made any effort whatever to ascertain the description contained in the deeds. The averment is that at the time the deeds were executed he was unfamiliar with the English language, but it is not averred that he continued ignorant of the language during the twenty years that he lived after the deeds were executed. If his want of knowledge of the English language be recognized as a valid reason why he did not understand the deeds in 1892, it would cease to be an excuse if he afterwards acquired a knowledge of the language. There is no averment in the bill or finding of fact in the decree which explains the delay of twenty years by Roesner to take any action to correct the alleged mistake in these deeds. It requires no argument to show that a finding in the decree that defendants in error did not know of the mistake or fraud until after the death of their ancestor cannot supply the want of findings in respect to Roesner himself. Defendants in error being mere volunteers and succeeding to the title of Roesner cannot maintain the bill under any different circumstances than would be necessary if Roesner had filed a bill himself before his death.

Much has been said by the parties in respect to the practice which the court followed in entering this decree without notice. Since the decree will have to be reversed for

the reason already stated it is not necessary to consider that question.

The decree being silent as to the existence of facts excusing the long delay in commencing this suit, and no facts having that effect otherwise appearing in the record, the decree of the circuit court of Cook county will be reversed and the cause remanded.   *Reversed and remanded.*