MARIA LEUER *et al.* Appellants, *vs.* FRANK KUNZ *et al.* Appellees.

*Opinion filed October 24, 1916.*

1. MISTAKE—*clear proof is required to authorize reformation of deed for mistake.* To authorize the reformation of a conveyance of real estate the mistake alleged must be that of both parties and must be established by clear and convincing evidence, and it is not sufficient that the evidence for the complainants, if believed, would tend to show intentional fraud by the defendant.

2. COSTS—*proof that master's fees have been paid by defendants is not necessary.* A decree dismissing a bill for want of equity and ordering that the defendants recover their costs to be taxed by the clerk, including master's fees for a certain amount paid by them, is proper, even though there is no proof that the defendants have paid the master's fees, where such fees are part of the costs incurred by the defendants in defense of the suit and for which they are liable.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

GEORGE A. SCHMITT, for appellants.

MORTON T. CULVER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Lots 19, 20, 21, 22 and 23, in block 1, in Doyle's subdivision in Wilmette, front northeast on Kline street. They are numbered consecutively from the southeast to the north-

west and constitute a part of a right-angled triangle, of which Kline street is the hypothenuse and two alleys running, respectively, north and south and east and west are the other two sides. The northwest side of lot 19, which is the southeast side of lot 20, runs from Kline street to the alley running east and west, near its intersection with the other alley. The other lines of lots 20, 21 and 22 run from Kline street to the alley running north and south and are shorter than the southeast line of lot 20, which is 260.1 feet long, the southeast side of lot 22 being 159.7 feet long. On November 26, 1892, the appellee Frank Kunz was the owner of lots 19 and 22. Andreas Roesner was the owner of lot 21, and the appellant Alois Leuer, who was Roesner's son-in-law, was the owner of lot 20. Roesner had constructed a house on the northwest side of lot 21, and a controversy had arisen between him and Kunz in regard to the house being over the line and encroaching upon lot 22. Kunz contended that Roesner's house extended two feet over the line. In settlement of the controversy two deeds were executed: one by Kunz to Roesner for a triangular piece off the south side of lot 22, about two feet wide at the southwest corner of the lot and running to a point at the southeast corner, containing 183 square feet; the other by Leuer to Kunz for a triangular piece off the south side of lot 20, about six feet wide at the southwest corner and running to a point at the southeast corner, containing 845 square feet. Lot 20 was subsequently conveyed to Roesner, who continued in possession of both lots 20 and 21 until his death, on April 24, 1910. Since his death the title to the said premises by various conveyances has become vested in the appellants, who on March 26, 1912, filed a bill against the appellees for the correction of errors alleged to exist in the deeds of November 26, 1892.

The bill alleges that Kunz falsely represented that the Roesner house was two feet over the line on lot 22, and

offered to convey to Roesner the southeast two feet off of lot 22 if Roesner would cause to be conveyed to him the southeast two feet off of lot 20, and that an agreement was made for the exchange of these two tracts accordingly, but that Kunz fraudulently caused deeds to be prepared not describing the southeast two feet off of lot 22 but the triangular piece already mentioned, and not describing the southeast two feet off of lot 20 but the triangular piece already mentioned, which was considerably larger, and represented to Roesner, who was unable to read, write or understand the English language, that the deeds were prepared in accordance with the agreement, and thereby induced Leuer to execute the one and Roesner to accept the other, believing them to be in accordance with the agreement. It is further alleged that Roesner did not discover the errors in the deeds in his lifetime and therefore took no steps to correct them. An answer was filed denying the charge in the bill. A hearing was had in court in the absence of the defendants and their counsel and a decree was entered in accordance with the prayer of the bill. Upon appeal this decree was reversed. (*Leuer* v. *Kunz,* 260 Ill. 584.) On the remandment of the cause it was referred to a master, the evidence was heard, and upon a hearing a decree was rendered dismissing the bill for want of equity, from which the complainants have appealed.

The questions in the case are questions of fact, dependent entirely upon a consideration of the evidence. Alois Leuer and his wife testified that Kunz agreed to make the exchange of two feet on the southeast side of lot 22 for two feet on the southeast side of lot 20, in the presence of Edward F. Russell, Andreas Roesner and one Schwall; that Kunz told Russell to prepare the deeds, and afterward Kunz brought a deed to Leuer's house for him and his wife to sign, saying that it was a deed for the two feet off their lot and for them to sign it, and they signed it and gave it to Kunz, who took it away. They did not acknowledge the

deed. Kunz testified that he declined to make a conveyance of two feet but said he would give Roesner a strip that his house would stand on; that he would make it two feet on the alley and make it run to a point in front and make an exchange for that strip on the other lot, and that Roesner said this was satisfactory. Russell testified that he did not remember of going to Leuer's house in this transaction; that Mr. and Mrs. Leuer came to his place to have the deeds acknowledged; that there were two deeds and Roesner brought both of them; that the deeds were in the handwriting of John G. Westerfield; that Mr. and Mrs. Leuer came later; that he thinks Kunz signed first. Westerfield was dead at the time of the hearing. Roesner and Mr. and Mrs. Leuer had but little knowledge of the English language. They probably would not have been able to read and understand the descriptions in the deeds. After they were executed Kunz built a house on the south side of lot 22 in such a position that it occupied a part of the south two feet of the lot. The foundation of Leuer's house on lot 21 extends over the line of lot 22 and occupies a part of the triangular strip conveyed to him. The eaves of his house extend over the north line of that strip from one and a half inches to ten inches. For more than seventeen years the parties occupied the premises and no question arose in regard to the conveyances. There may have been a misunderstanding as to the premises intended to be conveyed, but it cannot be said that the testimony of Mr. and Mrs. Leuer on the one side and Kunz and Russell on the other makes this clear. It is clear that there was an agreement for an exchange. Deeds were prepared and executed. The testimony in regard to what was intended to be conveyed, as well as the circumstances under which the deeds were executed, is so contradictory that the mistakes alleged cannot be said to be established with that degree of certainty which the law requires for the reformation of conveyances of real estate. To authorize such reformation the

mistake must be that of both parties and must be established by clear and convincing evidence. (*Carson* v. *Davis*, 171 Ill. 497; *Stanley* v. *Marshall*, 206 id. 20; *Lines* v. *Willey*, 253 id. 440.) The evidence does not show satisfactorily what land was to be exchanged. No relief can be granted on the ground of mistake. The deeds were intentionally prepared under Kunz's direction, with descriptions as they were executed. If the agreement was as claimed by the appellants there was no mistake on Kunz's part but he was guilty of an intentional fraud. In view of the contradiction of Mr. and Mrs. Leuer by Kunz as well as by Russell as to the circumstances attending the execution of the deeds, we cannot say that there is satisfactory evidence of fraud on the part of Kunz.

The appellants argue that the facts established title in appellants by limitation to the strip off the south side of lot 20. This contention is inconsistent with the theory of the bill. The bill concedes that the appellants were not the owners of the whole of lot 20 but that the deed to Kunz which they seek to have reformed conveyed to him the premises described in it.

The decree ordered the bill dismissed for want of equity and that the defendants recover their costs to be taxed by the clerk, including the sum of $472.50 master's fees paid by them, and that they have execution therefor. It is insisted that there is no evidence that the master's fees were paid by the defendants. Whether the master's fees were paid by the defendants or not, they were liable to the master for his fees and were entitled to recover from complainants the costs incurred by them in the defense of the suit.

The decree of the circuit court is affirmed.

*Decree affirmed.*