## Regina Tomasiewicz, Appellant, v. John Tomasiewicz, Appellee.

## Gen. No. 27,668.

1. APPEAL AND ERROR—*review of order modifying divorce decree where no certificate of evidence preserved.* On appeal from an order modifying a divorce decree by taking a minor child from the custody of the mother, the order recites sufficient specific facts to support it and will be affirmed, although no certificate of evidence is filed, where the order recites that the wife, complainant in the divorce, concealed the whereabouts of herself and the infant child of the marriage in violation of the terms of the decree, that she lived together alone in a small flat with another man and that it is for the best interests of the child that it be taken from her and placed in a training school to be approved by the court.

2. APPEAL AND ERROR—*necessity for preserving evidence for review of order discharging defendant in divorce from rule to show cause.* The rule requiring the presentation in the court of review of the evidence supporting a decree in chancery, either by the recital of specific facts in the decree or by a certificate of evidence, has no application to an order discharging a defendant in divorce who had been ordered to pay specified alimony, from a rule to show cause why he has not paid the alimony and why he should not be punished for contempt.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. THOMAS J. LYNCH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed May 9, 1923.

MORTON T. CULVER, for appellant.

No appearance for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On January 31, 1911, the complainant, Regina Tomasiewicz, and the defendant, John Tomasiewicz, were married. They now have one son, Peter Tomasiewicz, who was born on November 30, 1911. On January 14, 1921, the complainant, Regina

Tomasiewicz, filed a bill of complaint in the circuit court, alleging, among other things, that the defendant had been guilty of cruelty and habitual drunkenness. On March 17, 1921, the defendant filed an answer admitting the marriage and the birth of the child but denying all the charges which were alleged by the complainant as grounds for a divorce. On March 16, 1921, there was a trial by the chancellor, and on March 28, 1921, a decree was entered finding the defendant guilty of extreme and repeated cruelty as charged; that one child, Peter Tomasiewicz, who was born on November 30, 1911, was the only child of the marriage, and decreeing that the marriage be dissolved. It was also ordered that the complainant have the sole and exclusive care and custody of the minor child, the defendant having leave to visit the child at reasonable times and places; that the defendant forthwith pay to the complainant, or her solicitor, the taxable costs; that he pay to the complainant, or her solicitor, within 60 days the sum of $50 as solicitor's fees, and that he pay to the complainant, or her solicitor, $7 each week, beginning March 3, 1921, until further order of the court.

On November 7, 1921, the defendant filed a petition alleging, among other things, that the complainant resided at 1933 North Winchester avenue, Chicago, where she had lived for three or four months with their minor child "and in adultery with a man named Frank Szymkowski"; that because of her immoral and dissolute habits she is not now a fit and proper person to have the care of their minor child; that he is able to give the child a proper and comfortable home in a moral surrounding. The petition further alleged that it is for the best interest of the minor child that he be taken from the custody of the complainant and awarded to the defendant.

On November 7, 1921, the complainant filed an answer to that petition. In her answer she sets up that the defendant is indebted to her, under the terms of

the decree, for the support of the minor child, in the sum of $196; that the defendant has not paid the taxable costs nor the solicitor's fees provided for in the original decree; that it is now altogether the sum of $257.85. Further, she states in her petition that up to the latter part of April, 1921, she resided at 2136 South Harding avenue, Chicago; that on or about May 1, 1921, she moved to 933 Sheridan Road, where she remained three or four months; that she then moved to her present address, 1933 North Winchester avenue, Chicago. She denies that she concealed her whereabouts or the address of the minor child from the defendant, and states that during the greater part of the period that she lived at the Sheridan Road address their minor child was boarding at St. Joseph's Institution, a Catholic school for boys at LaGrange, Illinois, and that she paid for his board. She further states that she now resides at 1933 North Winchester avenue and that the child is living with her at that address, but she denies that she is now, or ever has, lived in a state of adultery with Frank Szymkowski, or with any other person, and denies that she is not a fit or proper person to have the care of her child. By her petition she prays that the defendant be required to purge himself of contempt by first paying to her the sum of $257.85, due and owing to her under the terms of the decree, and that he be required to show cause why he should not be punished for contempt in failing to comply with the terms of the decree.

On the same day, November 7, 1921, an order was entered by the chancellor that the complainant have leave to file her petition for a rule on the defendant to show cause why he should not be punished for contempt. The order provides further that the petition having been filed, it is ordered that the defendant show cause as prayed for in said petition and that a hearing on the rule be set for November 18, 1921. On the same date the defendant was given leave to file a petition to modify the decree and the complainant was ordered

to answer that petition within five days. On November 25, 1921, the complainant filed an answer to the defendant's petition to modify the decree, and also filed an amended and supplemental cross petition for a rule on the defendant to show cause. In that petition complainant sets up substantially what was recited in her answer of November 7, 1921, but also states that when she went to live at 1527 Noble street she rented a four-room flat, and in order to assist her in paying the rent and in supporting herself and said child, she rented a room to one Frank Szymkowski, and also furnished him with board; that when she moved to her present address he moved to the same address with her and continued to board with her at her present address until on or about October 6, 1921, when he left on account of a difference which arose between them in regard to what he should pay for his board and room; that it was never represented to anyone that they were husband and wife; that he occupied one bedroom and she occupied another bedroom in different parts of the flat; that the minor child, when he returned from LaGrange, slept in the same room with her. By her answer and petition she prays that the defendant be required to purge himself of contempt by first paying the sum of $257.85, due and owing to her under the decree, and that he be required to pay the other amounts provided for by the decree; further, that he be required to show cause by a short day why he should not be punished for his contempt in failing to comply with the terms of the decree.

On December 2, 1921, the defendant filed a petition reciting, among other things, that he had paid to the complainant $7 a week under the decree up to April 27, 1921; that up to that time the complainant resided at 2136 South Harding avenue, Chicago; that subsequently she moved from that address and concealed her whereabouts and the address of the minor child; that he had just learned that she resided at 1933 North Winchester avenue, Chicago, and that she has

resided at that address for the past three or four months with their minor child, and in adultery with a man named Frank Szymkowski. By his petition he requests that on account of her immoral and dissolute habits the child be awarded to him.

On December 20, 1921, there was a hearing before the chancellor both upon the petition of the defendant to modify the decree and upon the cross petition of the complainant for a rule to show cause. After hearing the testimony of the witnesses, which were examined in open court, and the arguments of counsel, the chancellor then made a finding and entered an order as follows:

"That since the entry of the decree herein, the complainant, Regina Tomasiewicz, has concealed the whereabouts of herself and their said child from the defendant, John Tomasiewicz, in violation of the terms of said decree, and has lived together alone in a flat with one Frank Szymkowski and their minor child at No. 1527 Noble street, Chicago, Illinois, and that it is for the best interest of said child that it be taken from the custody of the complainant, and placed in a good training school, to be approved by the court, and that the defendant, John Tomasiewicz, pay the necessary expense of tuition, board, lodging and clothing of said child, and that the rule heretofore entered herein against the defendant be discharged.

"It is therefore ordered adjudged and decreed, by the court, that the said child, Peter Tomasiewicz, aged ten years, be taken from the custody of the complainant, Regina Tomasiewicz, and placed in the custody of Bishop Quarters, Oak Park, Ill. School, until the further order of this court."

It is contended for the complainant that the order of December 20, 1921, is not supported by the record; that the defendant having obtained affirmative relief he should have preserved the evidence either by a certificate of evidence or recitals in the decree. No brief has been filed on behalf of the defendant.

In *Ruppe v. Glos*, 243 Ill. 414, where a bill was filed

to set aside a tax deed, and a decree granted the relief prayed for, it was held, on appeal, that as there was no certificate of evidence and insufficient recitals of fact in the decree to support it, it would have to be reversed.

In *Trustees of Grays Lake & Warren M. E. Church v. Metcalf,* 245 Ill. 54, where the complainants obtained an injunction against the defendants, preventing them from tearing down a church building, and the defendants sued out a writ of error, the court held that as the testimony which was heard was not preserved in a certificate of evidence, and the decree did not set out the specific facts upon which it was based, the decree would have to be reversed. Citing, *White v. Morrison,* 11 Ill. 361; *Bennett v. Whitman,* 22 Ill. 449; *Marvin v. Collins,* 98 Ill. 510; *Village of Harlem v. Suburban R. Co.,* 202 Ill. 301; *Berg v. Berg,* 223 Ill. 209; *Patterson v. Northern Trust Co.,* 230 Ill. 334.

In *Leuer v. Kunz,* 260 Ill. 584, which was an appeal by a defendant, against whom a decree had been entered in a suit to reform certain deeds, the court held that as there was no bill of exceptions nor certificate of evidence, and the decree failed to contain a recitation of sufficient facts to justify the decree, it would have to be reversed. The court said: "In chancery cases the law is well settled that if the specific facts necessary to sustain the decree are not found in the decree, the party obtaining the relief must, on appeal, sustain the decree by having such facts preserved by a certificate of evidence."

The question arises, does the rule of procedure, so established, apply to the modifying order in the instant case?

As to the modification of the terms of the decree, in so far as it was ordered that the custody of the child be given to the defendant instead of the complainant, we are of the opinion that enough facts are set forth in the order to base the change upon. It recites that she concealed the whereabouts of herself and child

from the defendant in violation of the decree; and, also, that she had lived together alone in a flat with one Szymkowski and that it is for the best interest of the child that it be taken from her and placed in a training school to be approved by the court. It is not necessary in any case to set forth in the decree or order all the evidence, or all the probative facts, but only the substantial ultimate facts which are necessary as a sufficient foundation for the decree. *Ruppe* case, *supra*.

As to the motion on behalf of the complainant for a rule on the defendant to show cause why he should not be punished for contempt owing to his alleged failure to pay alimony, solicitor's fees and court costs, and thus violating the decree and the order of the chancellor, upon a hearing, that the rule be discharged, it is only necessary to say that the acts of the court in regard to the defendant on that subject pertained only to whether or not the chancellor would require the defendant to undertake to show or give his reason for not having done that which he had been ordered by the chancellor to do. It does not seem wise to stretch the doctrine as to the necessity of presenting in the court of review the evidence either in recitals in a decree or in a certificate of evidence, to an order discharging a defendant from a rule to show cause.

The order of the chancellor will, therefore, be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.