## Herman Pierik et al., trading as Herman Pierik & Company, Appellants, v. Erhardt Mueller, Appellee.

1. PAYMENT, § 29*—*when evidence sufficient to show that note was given in payment of subscribed shares of stock.* In an action . on a promissory note, made by a subscriber to stock in a proposed corporation by the indorsee thereof, evidence *held* to authorize a finding that the note was given in payment of subscribed shares and not in return for a loan made to · the subscriber by an agent of the promoters, though the note was, by such agent, made payable to the promoters.

2. BILLS AND NOTES—*when burden of proof on plaintiff to prove indorsement of note.* Where a promissory note payable to a proposed corporation for stock subscriptions, bearing the indorsement

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the corporation to the order of bearer, was sued upon by the transferee, a plea denying such indorsement *held* to throw the burden of proving the indorsement on the plaintiff.

3. CORPORATIONS, § 27*—*when promoters may not dispose of notes given for stock subscriptions.* The promoters of a corporation have no authority to dispose of notes given for stock subscriptions until all the stock has been subscribed and the stockholders have elected officers.

4. BILLS AND NOTES, § 327*—*what defenses available against transferee of note improperly indorsed.* Any defense available against the payee of a promissory note, not properly indorsed by him, is available in an action by a transferee thereof.

5. BILLS AND NOTES, § 407*—*who has burden of proof to show failure of consideration.* In an action against the maker of a promissory note, the burden of proving failure of consideration is upon the defendant.

6. BILLS AND NOTES, § 56*—*what constitutes failure of consideration for note.* Failure to organize a corporation amounts to a failure of consideration for a note given in payment of stock subscribed.

Appeal from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

GEORGE M. MORGAN and JAMES Y. KELLY, for appellants.

BARBER & BARBER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Herman Pierik, James A. Hall and Charles G. Wineteer, partners under the name of Herman Pierik & Company, plaintiffs, brought suit against Erhardt Mueller upon two promissory notes, dated June 30, 1911, made by Mueller. One is for $250 payable to plaintiffs, the other is for $500 payable to the Western States Life Insurance Company. The declaration consists of a special count on each note and the common

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

counts. The defendant filed a plea of the general issue, special pleas setting up a defense of total failure of consideration to both notes, a plea of fraud and deceit on the part of plaintiff Hall, and a verified plea denying the indorsement of the $500 note.

The pleas of failure of consideration aver that plaintiff Hall induced defendant to subscribe for twenty-five shares of the par value of $10 per share, at three times its face value, of the capital stock of the Western States Life Insurance Company, then being organized under the laws of Illinois with a total capital of $300,000, and to give the promissory notes in question for said stock; that at the time the notes were given the full amount of the capital stock was not subscribed; that it never had been fully subscribed, and the organization of said corporation has been abandoned by its promoters. There was a verdict and judgment in favor of the defendant, and the plaintiffs appeal.

The evidence shows that in September, 1910, one E. G. Kingsbury of Chicago, with other corporators, filed in the State Insurance Department, a declaration setting forth their intentions to organize a Life Insurance Company, and in October the declaration was approved by the State Insurance Superintendent.

The evidence for appellee tends to show that less than $25,000 of the total stock of $300,000 was ever subscribed, while one of the corporators or promoters, R. E. Lee Jones, who claimed to have been the vice-president of the company, testified that there was only $180,000 of the stock subscribed when the directors and officers were elected, and that the stock was never fully subscribed. The appellants claim to have subscribed for some of the stock and to have paid part of their subscriptions in cash and given notes for the remainder under an agreement that Hall and one Helmle, who was president of a bank in Springfield, should be elected directors.

The evidence of appellee is that Hall in June, 1911,

solicited him to take stock in the company, told him that Hall and Helmle were directors and got him to sign the notes sued on. Hall testified that he told appellee that Helmle and he were to be elected directors and that he loaned to appellee $250 to pay a cash subscription on the stock, and that he, Hall, paid said $250 to the promoter Jones and took the $250 note to his firm, while appellee testifies he never borrowed or talked to Hall about borrowing money from him or giving him a note, but says he signed the notes which Hall brought to him without reading them. In August, 1911, circular letters signed by Hall, Helmle and others as directors were sent to the stock subscribers calling a meeting of the stockholders to act on a proposition to consolidate with another life insurance company in Chicago. Hall and his partners claim that in September, 1911, their subscription was rejected, and that Kingsbury, one of the promoters, who it is stated had been elected president of the company, indorsed the $500 note made by appellee with some other notes to appellants in repayment of their cash subscription. The indorsement is made by a stamp and is: "'Without recourse pay to the order of bearer,' Western States Life Insurance Company." In February, 1912, the assets of the Western States Life Insurance Company were transferred to the German National Life Insurance Company; that most of the subscribers to stock in the former company took stock in the latter company, and the organization of the Western States Life Insurance Company was wholly abandoned.

The appellants contend that the promoters of a life insurance company, under section 176 of chapter 73 of the Statutes of Illinois (J. & A. ¶ 6453), may proceed to collect for the capital stock; sell notes taken on stock subscriptions before the stock is fully subscribed; that the promoters may elect directors, and that the company can be organized before all the stock is sub-

scribed, and cite *Blinn v. Riggs*, 110 Ill. App. 37, in support of such contention. The citation does not support such construction of the statute but holds the organization is complete when three certain things have been done, the third of which is "the subscription of its capital stock and election of directors. It may then proceed with the collection of subscriptions, opening offices," etc. It has also been held in this State that, until the whole amount of stock of a corporation has been subscribed, the corporation cannot be organized or have a legal existence. *McCoy v. World's Columbian Exposition*, 186 Ill. 356. There is no liability on a subscription to the stock of a corporation, the amount of whose capital stock is fixed until the whole amount of the stock is subscribed. *Temple v. Lemon*, 112 Ill. 51; *Allman v. Havana, R. & E. R. Co.*, 88 Ill. 521. "It is equally plain that a note given in payment of stock in a corporation to be organized cannot be enforced by the payee or his assignee with knowledge when the corporation is not organized." Thompson on Corporations, sec. 542; *Watson v. Donald*, 142 Ill. App. 110, 10 Cyc. 265.

Appellant, Hall, by his own evidence, acknowledges that he was aiding the promoters in getting subscriptions to the stock of the company and, from the evidence of appellee, he was the agent who procured the subscription of appellee and the notes sued on. Appellee says he signed them because of the statements of Hall whom he had known all his life. Appellee admits the signature to the note to appellants is his, but testified he had no talk with Hall about borrowing any money from him, or concerning appellants paying any money to the company for him. Under the evidence the jury were authorized in finding that the $250 note was given for part of appellee's subscription to the stock as was the $500 note and that Hall, for some reason of his own, had the $250 note made to the appellants instead of the proposed corporation.

The plea denying the indorsement of the $500 note placed the burden of appellants of proving that the indorsement was made by the corporation. The corporation could not do any business before it was organized. The promoters had no authority to dispose of notes made on stock subscriptions until the stock had all been subscribed and the stockholders had elected officers. Promoters only after the completion of the corporation and their election as officers had the right to transfer assets that would be the property of the corporation when its organization might be completed. 10 Cyc. 262; *Western Screw & Mfg. Co. v. Cousley,* 72 Ill. 531; *Gent v. Manufacturers & Merchants' Mut. Ins. Co.,* 107 Ill. 652.

The stock never having been fully subscribed, the corporation was not completed and there was no officer authorized to indorse the $500 note. The note not having been legally indorsed, appellants were not bona fide holders, and it was subject to any defense against appellants that it was liable to if suit had been brought in the name of the proposed corporation.

The burden of showing a failure of consideration for the notes was upon appellee. The meritorious defense is that no corporation was organized and hence the consideration has failed. The proof shows clearly that the stock was never fully subscribed and that there was not even a *de facto* corporation. The pseudo corporation never pretended to transact any business in the line for which it was proposed to organize a corporation. This suit being on notes given on a subscription for stock, the consideration of which was the organization of the corporation, the inquiry may extend to the question whether there was due compliance with all the requirements of the law. *Hudson v. Green Hill Seminary Corporation,* 113 Ill. 618. The evidence showing the stock was not fully subscribed and that the organization of the corporation was abandoned there was a total failure of consideration, and no other ver-

dict than in favor of appellee could be sustained on the $500 note.

Error has been assigned and argued on the giving and refusing of certain instructions, but what has been said covers the several points argued. Finding no error in the case the judgment is affirmed.

*Affirmed.*