# Rose R. Spiegel, Appellant, v. Casimir Wolpers et al., Appellees.

## Gen. No. 27,658.

1. NEGOTIABLE INSTRUMENTS—*one not holder of note in good faith cannot foreclose trust deed securing same.* A decree denying foreclosure of a trust deed and ordering the holder of the note secured thereby to deliver the same into the custody of the receiver of the assets of a proposed corporation which was never organized is proper where the evidence shows that the note was given partly in consideration for a subscription to stock of such proposed corporation and partly for the removal of a prior mortgage, that the assets of such proposed corporation were used to remove the lien of said prior mortgage, that thereafter one of the promoters, in ignorance of the fact that complainant had been paid the full amount of a loan made by her to the promoters, transferred the note to her in payment of such loan, that complainant had knowledge that the promoters had no legal right to transfer any assets of the corporation prior to the complete organization thereof and that she had full knowledge of all the transactions.

2. CORPORATIONS—*right of receiver to assets of proposed corporation which was never organized.* A note given partly in consideration of a subscription to stock of a proposed corporation which was never organized and partly in consideration of a removal of a prior mortgage on the maker's premises is a part of the assets of such proposed corporation to which the receiver thereof is entitled notwithstanding the transfer of the note to a third person, where the evidence shows that the assets of the corporation were used for the purchase of such note, that it was transferred without right by one of the promoters to the present holder who had no right thereto and who had full knowledge of all the facts impeaching the note in her hands and such receiver alone is entitled to enforce the mortgage lien to the extent of the interest of the proposed corporation therein.

3. NEGOTIABLE INSTRUMENTS—*partial failure of consideration as release of makers of note.* A partial failure of consideration for a promissory note, given partly for the purchase of stock of a proposed corporation and partly for the removal of a prior mortgage on the maker's premises, due to the failure of such corporation to organize, does not operate as a release of the makers from liability on that portion of the note given in consideration of the removal of the mortgage lien.

4. APPEAL AND ERROR—*assignment of error essential to right of review.* Defendants in a foreclosure suit who have failed to file

cross errors to a finding that a partial failure of the consideration of their note secured by the trust deed sought to be foreclosed did not operate as a complete release of the makers from all liability cannot question such decree on appeal therefrom. .

5. NEGOTIABLE INSTRUMENTS—*evidence impeaching bona fides of holder of note.* The holder of a promissory note transferred to her by one of the promoters of a proposed corporation is not the holder thereof for value, on the claim that it was bought with money advanced by her to one of the promoters for the purpose of buying the note, where the evidence shows that such loan was merely a loan to the promoters and not made for the purchase of the note and that the entire amount of the loan was repaid to her prior to the date on which she secured possession of the note and that she took the note with full knowledge of all the facts and that it was transferred to her by one of the promoters who did not know that she had been paid in full.

6. FORECLOSURE OF MORTGAGES—*proof of right to foreclose must follow pleadings thereof.* A holder of a promissory note secured by a deed of trust who, in her bill for foreclosure thereof, alleges that the note and trust deed were executed and delivered to her by the makers thereof is bound by such allegations, and where the evidence is directly contrary to such allegations, her bill is properly dismissed.

7. CORPORATIONS—*extent of right of receiver to assets of proposed corporation.* Under a decree giving to a receiver of the assets of a proposed corporation, which was never organized, a promissory note, part consideration for which was the transfer of assets of said proposed corporation, as part of the assets thereof, such receiver is entitled not only to the custody of the note as an officer of the court, but he is also entitled to enforce the same and to intervene in a foreclosure suit by the holder of the note, to compel its surrender to him by such holder.

Appeal from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed November 8, 1922. Rehearing denied November 21, 1922.

L. A. GILMORE, for appellant.

R. F. BRADBURN, C. H. McDERMOTT and McNAB, HOLMES & LONG, for appellees; BINKLEY & MOONEY, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This was a suit to foreclose a trust deed to certain premises, executed by Casimir Wolpers and his wife, Marie, to secure their note for $5,000 payable to the order of themselves, dated June 1, 1917. The note was delivered to corporators or promoters of a proposed insurance company in consideration of a subscription to its stock by said Casimir Wolpers to the extent of $2,500, and in further consideration of a proposed removal of a prior mortgage of $2,500 on the premises conveyed. The note remained in possession of complainant's husband, Max Spiegel, one of said corporators, who gave a receipt therefor in the name of the proposed insurance company by himself, until June 6, 1918, when it was delivered by one Mc-Dermott, another of said corporators, under misapprehension of fact, to the complainant, Rose Spiegel, upon a so-called adjustment of her affairs with said proposed corporation.

Under a bill filed June 18, 1918, the Chicago Title & Trust Company was appointed a receiver of the assets of said proposed insurance corporation, and learning of the institution of this foreclosure suit filed its intervening petition therein, in which it claimed that said note was purchased with assets of said proposed corporation, that they were a trust fund for the benefit of its creditors, stock subscribers and other persons, that complainant, Rose Spiegel, had wrongfully gained possession of said note and trust deed, and prayed that the same be impounded by the court and delivered to petitioner. Issues were duly formed and the case referred to a master, who found that Wolpers and his wife delivered the note and trust deed in question to said corporators for the consideration, as above stated; that to make the deal the corporators borrowed $5,000 from Rose Spiegel, half of which was repaid to her in August, 1917, and half in February, 1918; that she knew all the facts pertaining to said trust fund; that the so-called adjustment made

by her with said McDermott, one of the corporators, was unreasonable and inequitable and made by him without knowledge of all the facts; that the consideration of said note to the extent of the $2,500 given in payment of the stock subscription had failed because said company had never been organized; that there was a valid subsisting lien on the premises to the extent of the $2,500 paid to remove the prior mortgage, which was a part of the assets of said company, to the custody of which said receiver was entitled, and that the makers of the note had defaulted. The court ratified and confirmed the report of the master with some modifications, finding the facts as above stated, except as to default by the makers of the note; that the corporators of said proposed corporation had at no time power or authority in law to receive payment of stock subscriptions before the capital stock was fully subscribed, or to alienate funds or securities coming into their hands as corporators, or to do any act pertaining thereto until the corporation had been fully organized; and that said Rose Spiegel knew the nature and extent of said proposed corporation and the limitation and powers of its corporators and was fully advised respecting all the transactions herein involved, and because thereof said note and trust deed were the property of and should be placed in the custody of said receiver, and decreed that complainant deliver the note and trust deed to the clerk of the court, that the latter deliver the same forthwith to said receiver, and that complainant's bill be dismissed for want of equity. From this decree complainant appealed.

We have carefully examined the evidence and find no occasion for disturbing the findings as confirmed by the chancellor, and it would subserve no useful purpose to review the discordant testimony from which appellant Spiegel reaches different conclusions.

As the organization of the corporation was not com-

pleted there was no liability on Wolpers' stock sub-
scription (*McCoy v. World's Columbian Exposition,*
186 Ill. 356) and to that extent there was an unques-
tionable failure of consideration for the note (*Pierik
v. Mueller,* 201 Ill. App. 108). Authorities cited in
support of the contention that the Wolpers are re-
leased from all liability because of a partial failure of
consideration have no application to this state of
facts, and, besides, the Wolpers not having filed cross
errors are in no position to question the correctness
of the decree.

The Wolpers, however, received consideration for
the note in the payment of their prior mortgage of
$2,500, out of funds with respect to which the pro-
moters of the corporation held a trust relation.
(*Dickerman v. Northern Trust Co.,* 176 U. S. 181;
*Yeiser v. United States Board & Paper Co.,* 107 Fed.
340, 52 L. R. A. 724; *Dunlap v. Twin City Power Co.,*
226 Fed. 161; 1 Fletcher on Corporations, ¶ 134,
p. 273.) The beneficiaries of the fund, therefore,
whom the receiver represents, are equitably entitled
to the note and to enforce the mortgage lien for its
payment to the extent it represents the trust fund.

There was evidence that Rose Spiegel loaned $5,000
to her husband as one of the corporators. Her con-
tention was that it was for the purpose of buying the
note in question. Without reviewing the evidence on
that subject it is enough to say there was sufficient in
the record to support the findings of the master as
confirmed by the court to the effect that the $5,100 was
a mere loan to the corporators and not for her pur-
chase of the note. The evidence shows that $2,500 of
that loan was repaid in August, 1917, and that she
received another payment of $2,500 February 16, 1918.
She testified that if she received $2,500 after January
1, 1918, she had no interest in the note. She offered
no evidence explaining the payment made to her
February 16, 1918, and the evidence does not support

the argument of her counsel that there was but really one payment of $2,500. At any rate, as held by the chancellor, charged as she was, when she received the note, with knowing the limitation of authority of the promoters to deal with the funds or assets of a proposed corporation, she acquired no title to the note through the illegal transaction. It also appears that when the so-called adjustment was made between her and McDermott whereby she claims title, it was without knowledge on his part that she had already been paid back in full, as aforesaid, the amount the corporators received from her.

But there is another reason why she cannot now claim title to the note as a holder in due course by virtue of such adjustment. Having alleged in her bill that the note and trust deed were executed and delivered to her by the Wolpers,—which is contrary to the evidence and facts—she must stand or fall by the case made in her bill. (*White v. Morrison,* 11 Ill. 361, 366.) Both upon the findings of fact and the equities of the case, therefore, her bill was properly dismissed.

We need not dwell upon appellant's argument that the order does not vest the receiver with title to the note. The effect of the order is merely to give him the right to its custody as an officer of the court (34 Cyc. 184; Beach on Receivers, p. 218), and there can be no doubt he could properly intervene to compel its surrender (34 Cyc. 204; *Nartzik v. Ehman,* 191 Ill. App. 71).

The decree will be affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.